## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA

FLEXSTEEL PIPELINE TECHNOLOGIES, INC.,

                Plaintiff,

    v.

BIN CHEN and CHANGCHUN GAOXIANG SPECIAL PIPE CO., LTD., a/k/a GOLSUN PIPES,

                Defendants.

Civil Action No.
5:16-cv-00239-MCR-GRJ

## AMENDED COMPLAINT

This is a Complaint to correct inventorship and recover ownership of patent rights based on Plaintiff's technology that is improperly vested in Defendants, and for related relief.  Plaintiff FlexSteel Pipeline Technologies, Inc.[1] ("FlexSteel"), through its undersigned counsel, hereby alleges as follows:

## THE PARTIES

1.      Plaintiff FlexSteel is a worldwide leader in flexible pipe technology, incorporated in Texas and having its principal place of business at 1201 Louisiana Street, Suite 2700, Houston, Texas 77002.  FlexSteel has conducted business and

---

[1]      "FlexSteel" or "Plaintiff" as used herein includes FlexSteel's predecessors in interest, specifically including Wellstream Corporation and Wellstream International Ltd.

operated research and development facilities within this judicial district for over 15 years.

2.      Defendant Bin Chen is a Chinese citizen residing in Houston, Texas. Defendant Chen has resided and worked in the Northern District of Florida and was exposed to the technology at issue in this dispute in this judicial district.

3.      Defendant Changchun Gaoxiang Special Pipe Co., Ltd. a/k/a Golsun Pipes ("Golsun") is a Chinese corporation with its principal place of business in Gaoxin District, Changchun, Jilin Province, China.  On information and belief, Defendant Golsun's agents have operated within the State of Florida to sell and offer for sale products incorporating the technology at issue in this dispute and practicing the patents-in-suit (as defined below).

## **PATENTS**

4.      United States Patent No. 9,067,397 ("the '397 Patent"), entitled "Hybrid Pipe Design and Method of Manufacture," issued June 30, 2015, and a copy is attached hereto as Exhibit 1.

5.      Chinese Patent No. 100432513C (the "Chinese Patent"), entitled "Special Multi-Layered Flexible Tube and Manufacturing Method Thereof," issued November 12, 2008, and a copy and translation are attached hereto as Exhibit 2.

6.      The "patents-in-suit" include the '397 Patent and the Chinese Patent, and all parents and priority filings, continuations, divisionals, and continuations-in-

part thereof, as well as all related filings and any other relevant patents or patent applications embodying or based on FlexSteel technology that are revealed through discovery.

### JURISDICTION AND VENUE

7.     This is an action for:  (i) correction of inventorship under 35 U.S.C. §256; (ii) conversion; (iii) breach of contract; (iv) tortious interference with contractual obligations; (v) trade secret misappropriation under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, *et seq.*; (vi) trade secret misappropriation under the Florida Uniform Trade Secrets Act, Fla. Stat. § 688.001, *et seq.*; and (vii) civil theft under Florida's Civil Theft Statute, Fla. Stat. § 772.11, *et seq.*

8.     The Court has jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338(a) and 1367(a).

9.     The Court has personal jurisdiction over Defendant Chen because this dispute relates to Defendant Chen's acts in the Northern District of Florida and acts committed outside this district that were directed toward this judicial district, as set forth herein.

10.     The Court has personal jurisdiction over Defendant Golsun because, on information and belief, Golsun has purposefully availed itself of the benefits and privileges of the State of Florida by utilizing agents in Florida to market and

sell products embodying the technology at issue in this dispute and practicing the patents-in-suit.

11.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this dispute occurred within this district.

## BACKGROUND

12.    Defendant Chen was hired by FlexSteel's predecessor-in-interest, Wellstream Corporation, as a structural analyst in May 1990.  Defendant Chen had no experience in pipe design prior to 1990.

13.    Chen's work for FlexSteel/Wellstream from 1990-2005 was at times based in facilities within the Northern District of Florida, and when not based within the Northern District of Florida involved trips to the Northern District relating to the technology at issue in this dispute.  This includes a trip into this judicial district in 2005 to address pipe designs whose technology was later included in the patents-in-suit.

14.    Defendant Chen's employment responsibilities included working with engineers to perform structural analysis of FlexSteel's pipe designs.  This work exposed Defendant Chen to pipe designs and conceptual features, the materials chosen for these pipe designs, their relative arrangement in layers within those designs, and the methods of manufacturing the same.  Chen received design files

4

for FlexSteel's pipes and related technology, attended weekly Engineering Team meetings on FlexSteel pipe designs, and was otherwise exposed to the detailed technology in FlexSteel's pipes.  This technology included FlexSteel's proprietary inventions and trade secrets.

15.    Defendant Chen executed the Intellectual Property Agreement ("IP Agreement") dated May 25, 1990 that is attached hereto as Exhibit 3.  The IP Agreement obligated Defendant Chen, should he "conceive or first actually reduce to practice any invention . . . or become aware of any of Wellstream's proprietary trade secrets" to "assist Wellstream in protecting such intellectual property."  This included his "agree[ment] to assign or confirm in writing" the right "to such inventions or in and to such proprietary trade secrets," and "to execute and to deliver all documents and to do any and all things necessary or proper on [his] part to enable Wellstream to enjoy title in and to or control over such or any other intellectual property."   And he agreed that the IP Agreement "shall apply to all intellectual property rights conceived, developed or first actually reduced to practice after the date of execution" and that the obligations would endure "for the term of [his] employment . . . and for two years hereafter."

16.    On information and belief, Defendant Chen additionally executed the Employee's Secrecy Agreement ("Secrecy Agreement") in a form similar or identical to that attached hereto as Exhibit 4.  This included Defendant Chen's

agreement to "not use or disclose to anyone, at any time or in any manner…any trade secrets or confidential information which I learn as a result of or during employment." *Id.*

17.   By 2005, FlexSteel's predecessor-in-interest Wellstream was operating a business unit within Wellstream to design, market and sell FlexSteel pipe designs under the trade name "FlexSteel."

18.   In 2009, Wellstream spun-off its "FlexSteel" business into a newly created corporate entity called Prime Flexible Products, Inc. ("Prime Flexible")  As part of this spin-off, Wellstream assigned all of the rights to the tangible and intangible property, contracts and other assets constituting a portion of Wellstream's "FlexSteel" business—including the FlexSteel Pipe Designs and other intellectual property — to the new entity.

19.   On May 27, 2011, Prime Flexible changed its name to FlexSteel Pipeline Technologies, Inc., i.e. Plaintiff FlexSteel.  Accordingly, FlexSteel is the rightful owner and beneficiary of all Wellstream intellectual property, contract and other rights related to the FlexSteel business, including FlexSteel Pipe Designs.

20.   FlexSteel is the successor in interest to Wellstream regarding the subject matter of this dispute, with ownership rights to the intellectual property involved and assignment rights of all contractual obligations set forth herein with respect to the contracts at issue in this action.

## FLEXSTEEL PIPE AND FLEXSTEEL PIPE DESIGNS

21.    FlexSteel pipe is a revolutionary spooled pipe technology utilizing a series of helically-wound steel strips with other layers to provide a unique combination of strength, flexibility and other key performance characteristics. FlexSteel Pipe is proprietary to FlexSteel and is protected by FlexSteel's intellectual property.  Beginning around 1999, a Wellstream engineer named Dana Fraser ("Fraser") headed a research and engineering effort that led to the conception of FlexSteel Pipe, and FlexSteel Pipe was commercialized around late-2005.

22.    In developing the FlexSteel Pipe Designs, Fraser conceived of multiple potential designs for FlexSteel Pipe involving a variety of layers, materials, and arrangements thereof.  These designs included polymer layers, wire web layers, helically-wound reinforcement layers (including versions with gaps and versions with locking tabs), anti-extrusion layers and sheath layers.  Some of these designs are embodied in commercially-offered FlexSteel Pipe, and others remain proprietary designs for future applications and products.

23.    Fraser assigned his FlexSteel inventions to Wellstream.  Those inventions were then assigned in turn to Prime Flexible, *i.e.*, FlexSteel, in 2009.

24.    FlexSteel, including when operating as a business unit within Wellstream, has undertaken extensive measures to protect the secrecy of its pipe

designs and concepts, including but not limited to physical and electronic security and imposing contractual secrecy obligations on employees and customers.

25.   Defendant Chen was exposed to the FlexSteel Pipe Designs throughout his employment and into at least 2005, including through meetings, formal and informal discussions, emails, technical reviews, presentations, and other aspects of his employment and job responsibilities.  As part of his regular job responsibilities, Defendant Chen was tasked with overseeing and managing analytical testing and reviews of these designs.  Defendant Chen's exposure to FlexSteel Pipe Designs was subject to the IP Agreement, the Secrecy Agreement, and the Defendant's general duties of confidentiality and attribution stemming from his employment activities.

26.   For example, Defendant Chen traveled to a facility within the Northern District of Florida in 2005 to assist with the commercialization of certain FlexSteel Pipe Designs.  Defendant Chen reviewed the materials and arrangement of layers for these FlexSteel Pipe Designs in detail at that time.  These FlexSteel Pipe Designs were "FlexSteel" trade secrets at the time Defendant Chen was exposed to them, as FlexSteel was operating as a business unit within Wellstream at the time.  When FlexSteel was spun-off as an independent entity in 2009, all rights to these trade secrets were assigned to the new entity, Prime Flexible (later renamed FlexSteel).  All of Defendant Chen's work on FlexSteel Pipe and

FlexSteel Pipe Designs, and all of the information and detail to which he was exposed or originated in connection with his work, belong to FlexSteel under the IP Agreement, the Secrecy Agreement, and the Defendant's general duties of confidentiality and attribution stemming from his employment activities.

## DEFENDANTS CHEN AND GOLSUN

27.     Defendant Chen began communicating with, consulting for, and/or collaborating with Defendant Golsun around 2005.

28.     Defendant Chen voluntarily terminated his employment with FlexSteel's predecessor-in-interest, Wellstream, on March 11, 2005.   Chen's obligations under the IP Agreement accordingly extended to "all intellectual property rights conceived, developed or first actually reduced to practice" through at least March 11, 2007.

29.     Defendant Chen filed an application for what would become the Chinese Patent on June 3, 2005.  The Chinese Patent includes FlexSteel technology and claims inventions that belong to FlexSteel.  This includes but is not limited to the FlexSteel Pipe Designs, such as helically-wrapped reinforcement strips, gaps between successive wrappings, locking tabs, and the specific arrangements thereof. Defendant Chen filed this application in his own name, with no inventorship credit to any other FlexSteel engineers and with no assignment to FlexSteel as was his obligation under the IP Agreement.

30.    Upon information and belief, Defendant Golsun has been aware of the Chinese Patent and any applications leading thereto at all relevant times. Defendant Golsun uses the technology disclosed and claimed in the Chinese Patent, and has compensated and/or promised to compensate Defendant Chen for that use, including through payments and/or promises to make payments that have been variously characterized as "consulting fees" and/or by other names.

31.    Defendant Golsun knew or should have known that the Chinese Patent involved technology invented by FlexSteel engineers other than Defendant Chen and/or that Defendant Chen had an obligation to protect or assign any technology embodied in the Chinese Patent to FlexSteel or its predecessors in interest.  Upon information and belief, Defendant Chen prosecuted, maintained, and/or has held out purported ownership of the Chinese Patent based in part on Defendant Golsun's assistance, joint action, statements, encouragements, and/or payments.

32.    Defendant Chen's application for the Chinese Patent was not publically available when filed.  Defendant Chen repeatedly implied and/or represented that no such patent existed.  Defendant Chen did not disclose the existence of the Chinese Patent to FlexSteel until May 19, 2016.  Defendant Chen has not acknowledged any assignment of the Chinese Patent to FlexSteel.

33.    Defendants Chen and Golsun applied for what would become the '397 Patent on March 11, 2013.  The '397 Patent is based on FlexSteel technology

invented and conceived by Dana Fraser and claims inventions that belong to FlexSteel.  This includes but is not limited to the FlexSteel Pipe Designs, such as helically-wrapped reinforcement strips, gaps between successive wrappings, wire webbed layers, polymer layers, and the specific arrangements thereof.  Defendants filed this application in Defendant Chen's name and in the name of other employees of Defendant Golsun, with no inventorship credit to Fraser or any other FlexSteel engineers and with no assignment to FlexSteel.  Golsun employees did not contribute any concepts identifiable in any of the patent's issued claims.  If Defendant Chen or any other person has made any assignment or transfer of any ownership interest in the the '397 patent to Defendant Golsun, such is in violation of the rights of FlexSteel to the benefits of that patent.

34.   Defendant Golsun uses the technology disclosed and claimed in the '397 Patent, and has compensated Defendant Chen for that use, including payments and/or promises to make payments that have been variously characterized as "consulting fees" and/or by other means.

35.   Upon information and belief, Defendant Golsun knew or should have known that the '397 Patent involved technology invented by Fraser or other FlexSteel engineers other than Defendant Chen and/or that Defendant Chen had an obligation to protect or assign any technology embodied in the '397 Patent to FlexSteel.  Upon information and belief, Defendant Chen prosecuted, maintained

and/or has held out purported ownership of the '397 Patent based in part on Defendant Golsun's statements, encouragements and/or payments to Chen or others.

36.     Defendants Chen and Golsun filed their application for the '397 Patent confidentially, and it did not issue as a publicly-available patent until June 30, 2015.

## CLAIMS FOR RELIEF

### COUNT I
### Correction of Inventorship of the '397 Patent Under 35 U.S.C. § 256

37.     FlexSteel repeats and realleges each and every allegation above as if fully set forth herein.

38.     Dana Fraser invented the subject matter claimed in the '397 Patent.

39.     Defendant Chen, Yanhua Xiu, Shichun Li, and Pingyuan Xia did not conceive of any invention or any aspect of the subject matter claimed in the '397 Patent and, therefore, are not inventors of the '397 Patent.

40.     Dana Fraser worked within the FlexSteel business unit of Wellstream and assigned his interest in his inventions of the '397 patent to Wellstream, the predecessor-in-interest to FlexSteel regarding the '397 patent's technology. Those rights passed to Prime Flexible, *i.e.*, FlexSteel, in 2009.

41.     But for the wrongful attribution of inventorship on the face of the '397 Patent, Golsun would not be able to claim rights as the assignee or owner of the '397 Patent.

42.     Dana Fraser had no deceptive intent in being unnamed on the '397 patent.

43.     Defendant Golsun has exploited the '397 Patent and has profited and will continue to do so unless the misidentification of inventors is corrected. FlexSteel has been injured by Defendant Golsun's wrongful exploitation of the '397 Patent.  FlexSteel's injuries include but are not limited to lost sales and lost licensing revenue from the inability to license the subject matter of the '397 and Chinese Patents, as well as a general deprivation of FlexSteel's property interests.

44.     The '397 Patent accordingly recites incorrect inventorship and the Court should direct the Commissioner of Patents to correct the inventorship of the '397 Patent under 35 U.S.C. § 256.

## COUNT II
## Conversion

45.     FlexSteel repeats and realleges each and every allegation above as if fully set forth herein.

46.     FlexSteel has an exclusive right to the FlexSteel Pipe Designs and related technology.  FlexSteel acquired ownership of the FlexSteel Pipe Designs, and methods of manufacturing the same from its predecessor-in-interest,

Wellstream, in 2009.  Both Wellstream and FlexSteel have maintained the FlexSteel Pipe Designs at issue as trade secrets.

47.    The Chinese Patent and the '397 Patent embody and claim intellectual property that belongs to FlexSteel, including but not limited to the FlexSteel Pipe Designs and the nature, material and arrangements of layers in the pipe designs disclosed and claimed therein.

48.    Defendant Chen wrongfully exercised dominion over the FlexSteel Pipe Designs and related technology that belong to FlexSteel by asserting inventorship in and ownership over the patents-in-suit.  FlexSteel Pipe Designs invented by Fraser and other "FlexSteel" engineers and owned by FlexSteel form the basis of the subject matter claimed in the patents-in-suit.  Defendant Chen's wrongful assertion of inventorship in and ownership over the patents-in-suit is inconsistent with FlexSteel's property rights and has frustrated and interfered with FlexSteel's use and benefit of FlexSteel's intellectual property because FlexSteel cannot fully exploit its proprietary technology as a result of the '397 Patent and Chinese Patent.

49.    Defendant Chen attempted to license and assign these improperly gained rights to Defendant Golsun, who has in turn wrongfully exercised dominion over the technology disclosed and claimed in the patents-in-suit through its unlawful ownership of the '397 Patent and the production and sale of products

containing FlexSteel Pipe Designs.  Defendant Chen has profited and continues to profit through consulting fees and payments from Golsun in exchange for rights stemming from the Chinese and '397 Patent, and Defendant Golsun profits and continues to profit by the use and exploitation of FlexSteel's confidential and proprietary information and intellectual property, including the Chinese Patent and '397 Patent.

50.   Defendants Chen and Golsun have converted FlexSteel's property, and FlexSteel has been and will continue to be damaged by this conversion of FlexSteel's confidential and proprietary information and intellectual property.

## COUNT III
### Breach of Contract

51.   FlexSteel repeats and realleges each and every allegation above as if fully set forth herein.

52.   The IP Agreement and Secrecy Agreement were valid and binding contracts formed between Defendant Chen and Wellstream, to which FlexSteel acquired all rights and interest as related to the technology at issue in this case. The confidentiality and assignment provisions in these agreements are reasonably necessary to protect the legitimate business interests, including at least the need to protect FlexSteel Trade Secrets including the FlexSteel Pipe Designs, and also to protect customer goodwill for FlexSteel's business in the pipe design industry.

53.     Defendant Chen breached these contracts and the attendant covenants of good faith and fair dealing by improperly disclosing FlexSteel's confidential and proprietary technology, by filing in his own name and in the name of Defendant Golsun patent applications on inventions and subject matter that belongs to FlexSteel, and by failing to assign those patents to FlexSteel.

54.     As a direct and proximate result of Defendant's breach, FlexSteel has been substantially and irreparably harmed.  FlexSteel has no adequate remedy at law.  Unless restrained by this Court, Defendant will cause further irreparable injury to FlexSteel.  FlexSteel is entitled to injunctive relief enjoining Defendant Chen, his agents, and all persons acting in concert or participation with him from engaging in any further acts of breach.

55.     FlexSteel is entitled to recover the damages this breach has caused including, but not limited to, lost sales and revenue caused by Defendants entering infringing products into FlexSteel's markets, the value of the patents containing FlexSteel Trade Secrets and Pipe Designs, and lost licensing revenue from an inability to license the subject matter of the '397 Patent and Chinese Patent. FlexSteel is also entitled to recover any gains, profits and advantages wrongfully obtained by Defendant Chen as a result of this breach including, but not limited to, payments and fees Golsun paid to Chen, and other damages and harm that will be revealed through discovery.

56.     FlexSteel is further entitled to specific performance of the Intellectual Property Agreement requiring Defendant Chen to assign all rights and interests in the Chinese Patent and the '397 Patent to FlexSteel.

## COUNT IV
## Tortious Interference With Contractual Obligations

57.     FlexSteel repeats and realleges each and every allegation above as if fully set forth herein.

58.     Defendant Golsun intentionally and unjustifiably interfered with FlexSteel's contractual relationship with Defendant Chen, inducing Defendant Chen to violate his obligations to FlexSteel as set forth herein, including but not limited to Defendant Chen's breach of the IP Agreement and Secrecy Agreement as set forth above.

59.     Defendant Golsun's interference included soliciting wrongful disclosures from Defendant Chen, offering payments, consulting fees and other inducements for the improper filing and maintenance of the Chinese Patent and the '397 Patent, and for other wrongful disclosure, failure to assign, and misuse of FlexSteel's intellectual property.

60.     Defendant Golsun was aware or should have been aware of Defendant Chen's contractual obligations and that its actions encouraged Defendant Chen to breach those obligations owed to FlexSteel.

17

61.   As a direct and proximate result of Defendant Golsun's tortious interference, FlexSteel has been substantially and irreparably harmed.  FlexSteel has no adequate remedy at law.  Unless restrained by this Court, Defendant Golsun will cause further irreparable injury to FlexSteel.  FlexSteel is entitled to injunctive relief enjoining Defendant Golsun, their agents and employees, and all persons acting in concert or participation with them from engaging in any further acts of tortious interference.

62.   FlexSteel is entitled to recover from Defendant Golsun the damages Defendant Golsun's tortious interference has caused FlexSteel as a result of its tortious interference as alleged above.  Such damages include, but are not limited to, the value of the '397 Patent and Chinese Patent, lost licensing revenue from an inability to license the subject matter of the '397 Patent and Chinese Patent, and other damages and harm that will be revealed through discovery.

### COUNT V
### Misappropriation of Trade Secrets (18 U.S.C. § 1836, *et seq.*)

63.   FlexSteel repeats and realleges each and every allegation above as if fully set forth herein.

64.   FlexSteel is the owner of the FlexSteel Trade Secrets, including the FlexSteel Pipe Designs.   The FlexSteel Pipe Designs constitute FlexSteel's confidential trade secret information and relate to FlexSteel Pipe and related products and services, which are used in interstate commerce.  FlexSteel has taken

18

reasonable steps to protect the FlexSteel Trade Secrets, including through non-compete and non-disclosure provisions in employment agreements, and through physical and electronic security measures. The FlexSteel Pipe Designs have derived independent economic value from not being generally known, and would be extremely difficult to duplicate through legitimate means.

65. Defendant Chen learned of the FlexSteel Pipe Designs during his employment with FlexSteel's predecessor-in-interest, and Chen was obligated under the IP Agreement, the Secrecy Agreement and his general employee duties to maintain the secrecy of FlexSteel's trade secret information and limit the use of such trade secret information.

66. Defendant Chen misused the FlexSteel Pipe Designs in order to apply for and acquire patent rights in the Chinese Patent and the '397 Patent. Defendant Chen knew or had reason to know that the subject matter embodied in the Chinese Patent and the '397 Patent was subject to confidentiality and secrecy obligations because he was a former employee of FlexSteel's predecessor-in-interest Wellstream and signed the IP and Secrecy Agreements with Wellstream whose benefits and rights were subsequently assigned to FlexSteel. On information and belief, Defendant Golsun similarly knew or had reason to know that the subject matter embodied in the Chinese Patent and the '397 Patent was acquired by improper means.

67.    Defendants Chen and Golsun have willfully, wantonly, and maliciously misappropriated FlexSteel's trade secret information to their own advantage and in competition with FlexSteel.

68.    Defendants Chen and Golsun have committed acts after May 11, 2016 relating to this misappropriation, including but not limited to making and receiving payments for the use of the subject matter of the Chinese Patent and the '397 Patent, manufacturing and selling products embodying that subject matter, and denying that FlexSteel is the proper owner of that technology.    This misappropriation constitutes a violation of the Defend Trade Secrets Act of 2016 (18 U.S.C. § 1836, *et seq.*).

69.    As a direct and proximate result of Defendants violation of the Defend Trade Secrets Act, FlexSteel has been substantially and irreparably harmed.  Such harm includes, but is not limited to, loss of sales, loss of reputation in the relevant markets, and inability to fully exploit FlexSteel's proprietary technology.  Unless restrained by this Court, Defendants will cause further irreparable injury to FlexSteel.  FlexSteel is entitled to injunctive relief enjoining Defendants, their agents and employees, and all persons or entities acting in concert or participation with them from engaging in any further misappropriation of the FlexSteel Pipe Design, including by directing the Defendants to assign the Chinese Patent and the '397 Patent to FlexSteel.

70.    FlexSteel is also entitled to recover from Defendants the damages Defendants' misappropriation of the FlexSteel Pipe Designs has caused FlexSteel as alleged above including, but not limited to, lost sales and revenue caused by Defendants entering infringing products into FlexSteel's markets, the value of the patents containing FlexSteel Trade Secrets and Pipe Designs, and lost licensing revenue from an inability to license the subject matter of the '397 Patent and Chinese Patent.   FlexSteel is also entitled to recover any gains, profits, and advantages wrongfully obtained by Defendant Chen as a result of this breach including, but not limited to, payments and fees Defendant Golsun paid to Defendant Chen, and other damages and harm that will be revealed through discovery.  Any damages FlexSteel is entitled to recover should be doubled under 35 U.S.C. § 1836(b)(3)(C) due to the willful and malicious nature of the misappropriation.

## COUNT VI
### Misappropriation of Trade Secrets (Fla. Stat. § 688.001, *et seq*.)

71.    FlexSteel repeats and realleges each and every allegation above as if fully set forth herein.

72.    Defendants' misappropriations of the FlexSteel Pipe Designs constitute violations of Florida's Uniform Trade Secrets Act, Fla. Stat. § 688.001, *et seq.*

73.     As a direct and proximate result of Defendants' violation of Florida's Uniform Trade Secrets Act, FlexSteel has been substantially and irreparably harmed.  Unless restrained by this Court, Defendants will cause further irreparable injury to FlexSteel.  FlexSteel is entitled to injunctive relief enjoining Defendants, their agents and employees, and all persons acting in concert or participation with them from engaging in any further misappropriation of the FlexSteel Trade Secrets, including by directing the Defendants to assign the Chinese Patent and the '397 Patent to FlexSteel.

74.     FlexSteel is also entitled to recover from Defendants the damages Defendants' misappropriation of the FlexSteel Trade Secrets has caused FlexSteel as alleged above including, but not limited to, lost sales and revenue caused by Defendants entering infringing products into FlexSteel's markets, the value of the patents containing FlexSteel Trade Secrets and Pipe Designs, and lost licensing revenue from an inability to license the subject matter of the '397 Patent and Chinese Patent.  FlexSteel is also entitled to recover any gains, profits, and advantages wrongfully obtained by Defendant Chen as a result of this breach including, but not limited to, payments and fees Defendant Golsun paid to Defendant Chen, and other damages and harm that will be revealed through discovery.  Any damages FlexSteel is entitled to recover should be doubled under

Fla. Stat. § 688.004(2) due to the willful and malicious nature of the misappropriation.

## COUNT VII
### Violation of Florida's Civil Theft Statute (Fla. Stat. § 772.11, *et seq*.)

75.    FlexSteel repeats and realleges each and every allegation above as if fully set forth herein.

76.    Defendants Chen knowingly obtained and/or used, or endeavored to obtain and/or use, FlexSteel's proprietary intellectual property and/or trade secrets including but not limited to the FlexSteel Pipe Designs.

77.    Defendant Chen did so with felonious intent, either temporarily or permanently to deprive FlexSteel of its right to and benefit from its intellectual property and trade secrets and appropriate FlexSteel's intellectual property and trade secrets for Defendants' own use, or the use of any person not entitled to the property.

78.    Pursuant to Fla.Stat. § 772.11(1), FlexSteel made written demands to Defendant Chen for either the prompt return of FlexSteel's property and/or payment to FlexSteel of the full value of that property.

79.    As a direct and proximate result of Defendant Chen's actions, FlexSteel has been substantially and irreparably harmed.

80.     Pursuant to Fla. Stat. § 772.11, FlexSteel is entitled to recover from Defendant Chen three times the current monetary value in compensatory damages for which Defendant Chen would otherwise be liable.

81.     Pursuant to Fla. Stat. § 772.11, FlexSteel is entitled to recover from Defendants the reasonable amount of attorneys' fees FlexSteel has incurred in representing its interests in this matter.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, FlexSteel asks this Court to enter judgment in its favor against Defendant Chen and Defendant Golsun, granting the following relief:

A.     Directing the Commissioner of Patents to correct the inventorship of the '397 Patent;

B.     Finding that Defendants Chen and Golsun improperly converted the subject matter of the Chinese Patent and the '397 Patent;

C.     Finding that Defendant Chen breached its contractual obligations;

D.     Finding that Defendant Golsun tortiously interfered with FlexSteel's contractual relationships;

E.     Finding that Defendants Chen and Golsun have misappropriated FlexSteel's trade secrets in violation of 18 U.S.C. § 1836, *et seq.*;

F.     Finding that that Defendants Chen and Golsun have misappropriated FlexSteel's trade secrets in violation of Fla. Stat. § 688.002, *et seq.*;

24

G.     Assigning the Chinese Patent and the '397 Patent to FlexSteel;

H.     Compelling a full and complete accounting of Defendants' profits and other advantages received from their violation of the law;

I.     Entering judgment for FlexSteel against Defendants for all damages suffered by FlexSteel and for any profits or gains Defendants attribute to their violation of the law;

J.     Enjoining Defendants, and their respective affiliates, agents, attorneys, employees, officers, servants, assigns and successors, and all persons, firms, and corporations acting in concert with either of them, from using FlexSteel's Trade Secrets including but not limited to the FlexSteel Pipe Designs;

K.     Awarding FlexSteel exemplary damages, in an amount to be determined at trial, pursuant to 18 U.S.C. § 1836(b)(3)(C) and Fla. Stat. § 688.004(2);

L.     Awarding FlexSteel three times the compensatory damages for which Defendant Chen would otherwise be liable under Fla. Stat. § 772.11;

M.     Awarding FlexSteel its costs and disbursements relating to this action, including reasonable attorneys' fees and costs pursuant to 18 U.S.C. § 1836(b)(3)(D), and Fla. Stat. §§ 688.005, 501.2105, 542.335(k), 78.18, and 772.11;

N.     Awarding FlexSteel pre-judgment and post-judgment interest, to the fullest extent available, on the foregoing; and

O.     Granting such other relief as the Court determines is just and proper.


## **JURY DEMAND**

Plaintiff FlexSteel demands a trial by jury on all issues so triable in this

action.


DATED  November 9, 2016                    Respectfully submitted,

                                            *s/ Timothy K. Gilman*
                                            Timothy K. Gilman
                                            timothy.gilman@kirkland.com
                                            KIRKLAND & ELLIS LLP
                                            601 Lexington Avenue
                                            New York, New York  10022
                                            Tel.:   (212) 446-4800
                                            Fax.:  (212) 446-4900

                                            JAMES P. JUDKINS
                                            Fla. Bar No. 174168
                                            jjudkins@readyfortrial.com
                                            JUDKINS, SIMPSON & SCHULTE
                                            Post Office Box 10368
                                            Tallahassee, Florida  32302
                                            Tel. :   (850) 222-6040
                                            Fax.:  (85) 561-1471

                                            *Attorneys for Plaintiff FlexSteel*
                                            *Pipeline Technologies, Inc.*