# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA

FLEXSTEEL PIPELINE
TECHNOLOGIES, INC.,

                Plaintiff,

      v.

BIN CHEN and CHANGCHUN
GAOXIANG SPECIAL PIPE CO., LTD.,
a/k/a GOLSUN PIPES,

              Defendants.

Civil Action No.
5:16-cv-00239-MCR-GRJ

## FLEXSTEEL'S MOTION TO COMPEL
## JURISDICTIONAL DISCOVERY

James P. Judkins
Fla. Bar No. 174168
jjudkins@readyfortrial.com
JUDKINS, SIMPSON & SCHULTE
Post Office Box 10368
Tallahassee, Florida 32302
Tel. : (850) 222-6040
Fax.: (85) 561-1471

Timothy K. Gilman
timothy.gilman@kirkland.com
Nathaniel L. DeLucia
nathaniel.delucia@kirkland.com
Alison Tan-Chin
alison.tan@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Tel.:  (212) 446-4800
Fax.:  (212) 446-4900

Dated:  July 12, 2019

*Attorneys for Plaintiff FlexSteel*
*Pipeline Technologies, Inc.*

# TABLE OF CONTENTS

Introduction .................................................................................................1

Procedural History ......................................................................................2

Statement of Facts ......................................................................................3

I.    Golsun Is Misappropriating FlexSteel's Technology within
Florida ..............................................................................................3

II.   Golsun Is Withholding the Court-Ordered Discovery ...........................4

III.  FlexSteel Has Tried to Expeditiously Complete the Required
Discovery .........................................................................................8

IV.  Golsun's Discovery Will Inform the Proper Deposition Locations ..........9

Argument ..................................................................................................10

I.    Golsun's Travels into the United States and Florida Are Relevant
to Personal Jurisdiction ....................................................................11

II.   Golsun's Accused Activities within the United States and Florida
Are Relevant to Personal Jurisdiction .................................................12

III.  Golsun's Last Three Years of Activities Are Relevant to Personal
Jurisdiction .....................................................................................14

IV.  Depositions Should Proceed in Due Course ..........................................16

Conclusion ................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barrocos of Florida, Inc. v. Elmassian*,
  2012 WL 1657204 (S.D. Fla. May 10, 2012)................................................11, 16

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
  21 F.3d 1558 (Fed. Cir. 1994) ..................................................................14, 15

*Cadent Ltd. v. 3M Unitek Corp.*,
  232 F.R.D. 625 (C.D. Cal. 2005).............................................................16, 17

*Commercial Union Ins. Co. v. Westrope*,
  730 F.2d 729 (11th Cir. 1984) ........................................................................11

*Consumer Electronics Ass'n v. Compras and Buys Magazine, Inc.*,
  08-cv-21085, 2008 WL 4327253 (Sept. 18, 2008 S.D. Fla) ........................12, 15

*Dotolo v. Schouten*,
  426 So. 2d 1013 (Fla. Dist. Ct. App. 1983)....................................................14

*Eaton v. Dorchester Dev., Inc.*,
  692 F.2d 727 (11th Cir. 1982) ..........................................................................2

*OnAsset Intelligence, Inc. v. 7PSolutions*,
  LLC, 2013 WL 12125993 (N.D. Tex. 2013)....................................................15

*Socas v. Northwestern Mut. Life Ins. Co.*,
  No. 07-cv-20336, 2008 WL 619322 (S.D. Fla. March 4, 2008) ......................14

*Universal Leather, LLC v. Koro AR, S.A.*,
  773 F.3d 553 (4th Cir. 2014) ..........................................................................11

**Statutes**

Fla. Stat. § 48.193 ..........................................................................................12

**Rules**

Fed. R. Civ. P. 4(k)(2)......................................................................................12

FED. R. CIV. P. 26(b)(1) ........................................................................10

Fed. R. Civ. P. 33(b)(4) ........................................................................12

Fed. R. Civ. P. 37 ...............................................................1, 10, 18

FlexSteel Pipeline Technologies, Inc. ("FlexSteel") respectfully moves pursuant to Rule 37 to compel Defendant Changchun Gaoxiang Special Pipe Co., Ltd. ("Golsun") to answer the Court-ordered discovery requests.  ECF No. 100.

## INTRODUCTION

Golsun misappropriated FlexSteel's flexible pipe technology from Panama City, Florida to obtain U.S. and Chinese patents, and continues to misappropriate that technology by using Florida-based agents and resources to sell Golsun Pipe in competition with FlexSteel.  The Court ordered jurisdictional discovery to reveal the full extent of Golsun's activities, approving the specific requests that FlexSteel proposed as "useful" and likely "essential" to the resolution of this issue.

Golsun has refused to answer those Court-approved requests.  This includes Golsun's refusal to disclose how often Golsun's officers come into the United States and Florida, what Golsun's business activities have been within the United States regarding the accused Golsun Pipe products or the Patents-in-Suit, and any Golsun activities regarding this misappropriation during the last three years.  Golsun will not discuss any document searches it performed and, troublingly, Golsun will not answer whether it has destroyed responsive and relevant documents.

With the discovery deadline approaching, FlexSteel respectfully moves to compel this discovery.

## PROCEDURAL HISTORY

FlexSteel filed its Complaint on August 19, 2016 to correct the inventorship and ownership of Patents-in-Suit, and to halt Golsun's ongoing misappropriation of FlexSteel intellectual property through Golsun's sales of Golsun Pipe. *See* ECF No. 1; ECF No. 16. After lengthy fights regarding service and an entry of default, Golsun filed a motion to dismiss for alleged lack of personal jurisdiction on June 18, 2018. ECF No. 87. Golsun refused to participate in discovery while its motion was pending. ECF No. 90-1.

On March 31, 2019, the Court denied Golsun's motion to dismiss without prejudice, ordering that Golsun submit to jurisdictional discovery before renewing any motion. ECF No. 98. The Court then approved FlexSteel's proposed jurisdictional discovery on April 9, 2019, noting that "the limited discovery outlined in FlexSteel's filing will 'certainly be useful and and may be essential to the revelation of facts necessary to decide the [personal jurisdiction] issue[s]' presented in this case." ECF No. 100 at 1 (alterations in original) (*quoting Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 n.7 (11th Cir. 1982)). FlexSteel served Golsun with the Court-approved discovery requests the next day.

The Court ordered five depositions of Golsun witnesses "during the 60-day period *after* Golsun has completed its document production." ECF No. 100 at 2 (emphasis added). The Court did not specify the location, but did not compel the

depositions to occur in the Northern District of Florida at that time. *Id.* at 2, n.1. The Court ordered the parties to advise it if they could not agree on the time and place for depositions. *Id.* at 3.

The current deadline for completing jurisdictional discovery is August 1, 2019. ECF No. 102.

## STATEMENT OF FACTS

### I.   Golsun Is Misappropriating FlexSteel's Technology within Florida

Golsun's misappropriation of FlexSteel's technology has been addressed at length in prior submissions and in opinions from the Court. *See, e.g.*, ECF Nos. 58, 93. Briefly, Golsun contacted its co-defendant Bin Chen—who was then an engineer for FlexSteel's predecessor in Florida and Texas—to file patent applications for Golsun and to design and launch Golsun Pipe to compete against FlexSteel. *See* ECF No. 16 at ¶ 27; ECF No. 58 at 14-15; Ex. 1, Chen Dep. at 16:7-9, 17:10-17, July 9, 2018. The Patents-in-Suit and Golsun Pipe misappropriate FlexSteel's proprietary technology. *See, e.g.*, ECF No. 16 at ¶¶ 34, 63-74; ECF No. 40 at 6-9.

FlexSteel created this technology in its Panama City, Florida research center, and Golsun's misappropriation involves multiple Florida-based agents—whom Golsun has held out as Golsun officers and employees—and continues to this day. *See, e.g.*, ECF No. 16 at ¶¶ 10, 13-14, 25-26; ECF No. 90 at 6-16; Ex. 2 at Resp. ROG No. 2 (Golsun admitting that it continues to use at least one U.S. agent to sell

its accused products).  Golsun has sent the misappropriated technology into Florida, and its officers have traveled into Florida to continue the misappropriation and to harm FlexSteel.  *E.g.*, Ex. 3 at Resp. RFA Nos. 3, 11-13, 15-17, 19-20.

## II.  Golsun Is Withholding the Court-Ordered Discovery

After receiving a multi-week extension, Golsun responded to FlexSteel's discovery requests on May 24, 2019.  Exs. 2-4.  From May 31 through July 8, the parties have corresponded regarding the deficiencies in Golsun's responses and the need for Golsun to supplement its production.  Exs. 5-12.  These discussions have confirmed that Golsun is refusing to disclose the following:

***Golsun Travel into the United States.***  Golsun will not disclose how often Golsun employees or agents travel into the United States.  This information is covered by Request for Production No. 8 ("Documents sufficient to show the number of times Mr. Shichun Li [Golsun's CEO] or any other Golsun employee or agent, has traveled into the United States . . . ") and Interrogatory No. 1 ("Identify every instance in which Shichun Li or any other Golsun agent, representative, officer or employee has traveled into the State of Florida, for any reason related to Golsun Pipes or the Patents-in-Suit . . .").  Ex. 13 at RFP No. 8; Ex. 14 at ROG No. 1.  While Golsun's document production evidences some trips by its CEO Mr. Li into the United States and Florida, Golsun has refused to disclose all trips by Mr. Li, or any trips by other Golsun officers, employees or agents.  FlexSteel has tried to

accommodate Golsun to minimize any burden—*e.g.*, requesting the passport stamp pages from these officers and employees—but Golsun has refused to provide it.[1] Golsun's purported justification—that FlexSteel "never served any requests aimed at discovering any evidence of travel to the United States by Messrs. Li or Xiu [or other Golsun officers, employees or agents]"—is facially baseless in view of the discovery requests attached and quoted above. Ex. 12 at 1 (July 8 Carey Letter to Gilman).

*Golsun Activity within the United States*. Golsun will not disclose its U.S. activities regarding the allegedly misappropriated technology. FlexSteel's Interrogatory No. 7 requested Golsun to "describe in detail . . . communications, relationships or interactions regarding Golsun Pipe or the Patents-in-Suit with anyone located, based, domiciled or otherwise using an address in the United States." Ex. 2 at ROG No. 7. Golsun responded that it "is without information sufficient to respond to this request." Ex. 2 at Resp. ROG No. 7. Golsun has not explained how it is unaware of its own business activities within the United States.

---

[1] This U.S. entrance information can be obtained readily from the Federal Government's website i94.cbp.dhs.gov/i94/#/home. Golsun could provide this information to FlexSteel *in a matter of minutes* if Golsun so chose, with essentially no burden to Golsun or its employees. But Golsun will not do so.

FlexSteel also raised concerns whether Golsun's less than 500-page production satisfies Golsun's obligations to perform a reasonable search for responsive material regarding Golsun's activities within the United States:

> We additionally appear to be at an impasse regarding whether Golsun has performed a reasonable search for responsive documents. For example, you have produced no communications regarding the Patents-In-Suit (RFP No. 1), you have produced no documents regarding Golsun's certification within the United States to sell the accused products (RFP No. 10), you will not confirm whether you have searched all of Mr. Li's email accounts (*e.g.*, RFP Nos. 2-4; ROG No. 7), you did not respond whether any "responsive documents have been deleted" from those accounts, and recent third party productions indicate that many such responsive communications and emails exist—or existed at one time—and were within Golsun's possession, custody or control.

Ex. 11 at 2 (June 24 Gilman letter to Carey). When pressed on its lack of production, Golsun changed tack and argued in correspondence that disclosing Golsun's activities within the United States "would place an undue burden on Golsun" due to the volume of Golsun's activities within this country. Ex. 7 at 2 (June 10 Carey Letter to Gilman). FlexSteel has offered on multiple occasions to discuss any "reasonable accommodations" to address that volume of responsive information. Ex. 11 at 1 (June 24 Gilman Letter to Carey). Golsun has refused to do so. And despite multiple follow-ups, Golsun also will not confirm whether it has searched its CEO's emails, or whether any relevant documents have been destroyed since this litigation began. *Id.* at 2*; see also* Ex. 12 at 1 (July 8 Carey Letter to Gilman) (not addressing specific complaints regarding CEO's personal email and document destruction).

***Golsun Activity since August 19, 2016***.  Although FlexSteel's claims are based on Golsun's continuing misappropriation, Golsun has refused to provide any "discovery of facts occurring after the filing of [the] Complaint," *i.e.*, August 19, 2016. Ex. 10 at 1 (June 19 Carey letter to Gilman).  This impacts almost every Golsun discovery response.  Ex. 11 at 1 (June 24 Gilman Letter to Carey).  FlexSteel offered precedent explaining how post-complaint activity is relevant to personal jurisdiction for continuing torts:

> You also appear to be refusing to provide any discovery since the date of the complaint.  Refusing to provide responsive documents and information solely on the basis that they post-date the Complaint is meritless.  Golsun's misappropriation is ongoing and a continuing tort. ECF No. 16 at ¶¶ 63-74.  Indeed, Golsun admitted that it continues to use at least one U.S. agent to sell its accused products.  *See* Golsun Resp. ROG No. 2.  As confirmed by the caselaw we previously provided, such ongoing acts of misappropriation are relevant to whether the Court has personal jurisdiction over Golsun.  The caselaw cited in your letter addresses ***subject matter jurisdiction***, not personal jurisdiction, and is therefore irrelevant here.  It is troubling that you appear to have misrepresented these cases as relating to personal jurisdiction.

Ex. 8 (June 14 Gilman Letter to Carey) (emphasis in original); *see also* Ex. 11 (June 24 Gilman Letter to Carey) ("As supported by FlexSteel's averments and the caselaw we previously provided, Golsun's continuing tortious behavior is relevant to the Court's personal jurisdiction over Golsun.  You have disagreed, albeit without reference to any pleadings or citing any caselaw relating to personal jurisdiction.")

Golsun has offered no contrary authority, but maintained its refusal to provide this discovery. Ex. 12 at 1 (July 8 Carey Letter to Gilman).

## III. FlexSteel Has Tried to Expeditiously Complete the Required Discovery

On March 31, 2019, the Court directed FlexSteel to submit proposed jurisdictional discovery. ECF No. 98. Approximately one week later, on April 8, FlexSteel did so. ECF No. 99.

On April 9, 2019, the Court approved the proposed discovery and directed FlexSteel to serve it. ECF No. 100. FlexSteel did so the next day. Exs. 13-15 at Certificate of Service.

After receiving a two-week extension, Golsun objected and responded to those requests on May 24, 2019. FlexSteel provided a detailed accounting of the deficiencies and requested supplementation within one week thereafter. Ex. 5 (May 31 Gilman Letter to Carey).

After receiving another extension to respond, Golsun raised new objections by letter on June 10, 2019, indicating it would supplement some of its production, albeit never actually doing so. Ex. 7. FlexSteel responded four days later, detailing why Golsun's objections were unfounded and requesting that Golsun supplement its production. Ex. 8.

Following another round of correspondence, FlexSteel wrote on June 24, 2019 to confirm where the parties were at an impasse. Golsun requested yet another

extension to respond, and on July 8, 2019 stated that "Golsun maintains its objections."  Ex. 12 at 1 (July 8 Carey Letter to Gilman).

Since May 31, 2019, FlexSteel has conferred in good faith and afforded Golsun multiple opportunities to rectify its deficiencies.  After six weeks of efforts, the discussions between the parties are now at an impasse.

## IV.    Golsun's Discovery Will Inform the Proper Deposition Locations

Depositions are set to occur within 60-days of Golsun completing its production.  The location of Golsun's business activities and the frequency of its witnesses' travel into the United States are relevant to determining the most efficient and least burdensome location for the court-ordered depositions.  For example, Golsun's counsel is based in Miami and Golsun's witnesses have traveled into Miami as part of the accused misappropriation.  *E.g.*, Ex. 16 at 1-3 (Email chain to GriTech confirming Mr. Li and Liu Ming visited GriTech's Miami office in November 2014); Ex. 2 at Resp. ROG No. 1 ("On November 21, 2014, Shichun Li, Ming Liu, and Bin Chen met with GriTech at GriTech's office to discuss product testing and sales in Venezuela.").  Miami may be the least-burdensome and most cost-effective location to conduct this discovery.

To date, Golsun has refused to produce its witnesses anywhere outside of Hong Kong.  As FlexSteel has explained to Golsun, written discovery will inform the proper location for these depositions, and FlexSteel is willing to be flexible as to

the best location once those relevant facts are disclosed. Ex. 11 at 2 (June 24 Gilman Letter to Carey) ("To be clear, we are not refusing Hong Kong as a potential location **if** that is the most appropriate and efficient venue. But in order to assess what is the proper venue, Golsun must first satisfy its written discovery obligations.") (emphasis in original). Once Golsun provides the discovery requested herein, FlexSteel hopes that the parties will be able to reach agreement on the most appropriate deposition venue.

## ARGUMENT

A party is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). In this case, the relevant discovery is further focused on the Court's personal jurisdiction over Golsun, *i.e.*, Golsun's activity within the United States and Florida related to its misappropriation of FlexSteel's proprietary technology.

When a party fails to provide discovery, the discovering party may move for an order compelling the discovery. FED. R. CIV. P. 37(a)(3). Failing to provide discovery includes "an evasive or incomplete disclosure." FED. R. CIV. P. 37(a)(4).

Should a party's failure to provide discovery necessitate a motion to compel, that motion "is committed to the discretion of the trial court." *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

## I. Golsun's Travels into the United States and Florida Are Relevant to Personal Jurisdiction

How often Golsun's employees travel into the United States and Florida is relevant to the Court's personal jurisdiction over Golsun. *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 562 (4th Cir. 2014) (reversing district court's dismissal for lack of personal jurisdiction, noting "the importance of a defendant's solicitations and in-person contact regarding the business relationship in the forum state."). This information is also critical for determining the proper locations for their depositions—if the witnesses frequently travel to the United States for business, then the United States is the most efficient location to conduct their depositions. Indeed, courts regularly require that depositions of foreign corporate representatives occur in the United States under such circumstances. *E.g.*, *Barrocos of Fla., Inc. v. Elmassian,* No. 11-CV-22393, 2012 WL 1657204, at *2 (S.D. Fla. May 10, 2012) (ordering Chinese defendant's corporate representative be deposed in the United States).

FlexSteel sought this information in RFP No. 8 and ROG No. 1, and offered that this information "be provided in any format that is minimally burdensome, *e.g.*, copies of their passport stamp pages," but Golsun refused. Ex. 11 at 1-2 (June 24

Gilman Letter to Carey).  Golsun should be compelled to provide this relevant and responsive information, for which essentially no burden exists to provide.

## II. Golsun's Accused Activities within the United States and Florida Are Relevant to Personal Jurisdiction

Golsun failed to disclose "communications, relationships or interactions regarding Golsun Pipe or the Patents-in-Suit with anyone located, based, domiciled or otherwise using an address in the United States" as required by Interrogatory No. 7.  This information goes to the heart of personal jurisdiction—the extent to which Golsun has enjoyed the privileges of doing business within Florida specifically (for jurisdiction under Fla. Stat. § 48.193) or within the United States more generally (for jurisdiction under Fed. R. Civ. P. 4(k)(2)).

Golsun objected to this request as "vague and ambiguous," but without specifying any detail about this complaint or alleged defect in the phrasing of the request.  Golsun also objected to an alleged "lack of proper temporal scope," which is addressed below and which, in any event, would not excuse a failure to answer *any* scope of this request.  *E.g.*, *Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, No. 08-21085-CIV, 2008 WL 4327253, at *2 (S.D. Fla. Sept. 18, 2008) (granting motion to compel, noting rule that "discovery should be provided as to those matters within the scope which is not disputed.").

While Golsun later argued in correspondence about the volume of responsive information, that objection was not made in its responses and was therefore waived.

Fed. R. Civ. P. 33(b)(4). Notwithstanding the waiver, FlexSteel offered multiple times to discuss how to address any significant volume. Golsun refused to engage in good-faith discussions to provide that discovery, merely responding each time that "Golsun maintains all of its objections to ROG No. 7" without further elaboration. Exs. 10, 12 (June 19 and July 8 Carey Letters to Gilman). Golsun has offered no support for this untimely objection, and cannot use it to stonewall the Court-ordered discovery requests. Moreover, if Golsun's business dealings within the United States and Florida related to the subject matter of this case—Golsun Pipe and the Patents-in-Suit—are truly as extensive and burdensome to disclose as Golsun now argues, then Golsun's personal jurisdiction arguments were specious and should never have been raised in the first place. In any event, Golsun's formal response to date—that "Golsun is without information sufficient to respond" regarding its own activities within the United States—is baseless, and an actual response is required and should be compelled.

Golsun's responses to FlexSteel's Requests for Production are similarly deficient. For example, Golsun alleges that no communications exist regarding the Patents-in-Suit—despite Golsun's allegation that it applied for and now owns and uses those patents—or that no draft or executed contracts exist with the majority of its business partners. Ex. 4 at Resp. RFP Nos. 1-2; Ex. 7 at 2 (June 10 Carey Letter to Gilman). This is simply not credible. Moreover, productions by Golsun's co-

defendant show that such documents do, in fact, exist. Ex. 17 at 2 (signed assignment of invention from Mr. Li); Ex. 18 (unexecuted contract with GriTech). When pressed on these inconsistencies, Golsun refused to confirm whether it searched all of Mr. Li's email accounts, or whether any responsive documents have been destroyed since this litigation began. *See* Ex. 11 at 2 (June 24 Gilman Letter to Carey); Ex. 12 (July 8 Carey Letter to Gilman) (failing to address Mr. Li's personal account or whether documents had been destroyed).

Golsun should be compelled to produce these documents or, at a minimum, required to confirm in writing that it searched all relevant accounts, and explain the absence of the above-identified documents. *See Socas v. Nw. Mut. Life Ins. Co.*, No. 07-20336-CIV, 2008 WL 619322, at *3 (S.D. Fla. Mar. 4, 2008) (requiring sworn statement explaining party's failure to produce documents provided by third parties).

## III. Golsun's Last Three Years of Activities Are Relevant to Personal Jurisdiction

Golsun's misappropriation of FlexSteel's technology is ongoing and comprises a continuing tort—Golsun continues to assert ownership over the Patents-in-Suit and continues to make and sell Golsun Pipe in competition with FlexSteel. ECF No. 16 at ¶¶ 63-74; Ex. 2 at Resp. ROG No. 2 (Golsun continuing to use U.S. agent to sell the accused Golsun Pipe); Ex. 3 at Resp. RFA Nos. 41, 43 (admitting ownership interest in Patents-in-Suit); *see also Dotolo v. Schouten*, 426 So. 2d 1013, 1015 (Fla. Dist. Ct. App. 1983) ("The misappropriation and continuing use of a trade

secret constitutes a continuing tort."). This continuing tortious behavior is relevant to the Court's personal jurisdiction over Golsun. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1563 (Fed. Cir. 1994) (considering post-complaint activity for personal jurisdiction in action involving a continuous tort); *OnAsset Intelligence, Inc. v. 7PSolutions*, LLC, No. 3:12-CV-3709-N, 2013 WL 12125993, at *3 (N.D. Tex. Aug. 21, 2013) (same). Indeed, "[i]n a case involving a continuous tort, it would be arbitrary to identify a single moment after which defendant's contacts with the forum necessarily become irrelevant to the issue of specific jurisdiction." *Beverly Hills Fan Co.*, 21 F.3d at 1563.

Golsun has drawn a line in the sand, however, and refused to provide discovery for its U.S. and Florida activity since August 9, 2016. Ex. 10 at 1 (June 19 Carey Letter to Gilman). This is improper and without any legal support. Golsun has refused to reconsider this position, even in the face of controlling case law regarding continuing torts. *Id.* For some requests, Golsun stood on this "temporal objection" and refused to provide ***any*** discovery, even as to pre-2016 activity within the United States and Florida. *See*, *e.g.*, Ex. 4 at Resp. RFP No. 9; Ex. 3 at Resp. RFA Nos. 1, 2, 4, 22, and 24. This is improper—even if Golsun had a good faith objection to post-Complaint discovery it was required at least to produce pre-Complaint jurisdictional discovery. *E.g.*, *Consumer Elecs. Ass'n*, 2008 WL 4327253, at *2 ("discovery should be provided as to those matters within the scope

which is not disputed.").  Golsun cannot use its "temporal" objection to deny all discovery—at a minimum Golsun should be compelled to answer all discovery requests as to pre-Complaint activity.  And because Golsun chooses to keep misappropriating FlexSteel's technology, it should be compelled to disclose its ongoing tortious acts within the United States and Florida as well.

## IV.    Depositions Should Proceed in Due Course

The Court ordered depositions "after Golsun has completed its document production."  ECF No. 100 at 2.  As set forth above, Golsun has not completed those disclosures.  Accordingly, FlexSteel requests that the deadline to complete the depositions—currently set at August 1—be extended until 30 days after Golsun completes its written discovery.  This is consistent with the Court's prior order and will promote the efficient conduct of the depositions by ensuring that written discovery means are fully employed before burdening any witnesses.

It will also help ensure that the depositions occur in the proper location.  For example, where and how often Golsun's representatives travel for business, the location of the parties' counsel, the expense involved in holding the deposition in one place or another, and the potential need for court intervention are all important factors in deciding where to conduct depositions of a non-resident corporate defendant.  *See Barrocos of Florida*, 2012 WL 1657204, at *1-2 (considering factors above and ordering Chinese defendant's corporate representative be deposed in the

United States); *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 630 (C.D. Cal. 2005) (considering factors above and ordering Israeli plaintiff's corporate representative be deposed in United States).

Although Golsun has offered to produce its witnesses in Hong Kong, determining if there are any appropriate U.S. locations for these depositions will ensure the most efficient and cost effective discovery, and may be especially important given the current unrest and wide-scale protests currently enveloping Hong Kong. *See* https://www.cnn.com/2019/06/09/world/gallery/hong-kong-extradition-protest/index.html (overview of protests in Hong Kong); *Cadent*, 232 F.R.D. at 630 (ordering Israeli plaintiff's corporate representative be deposed in United States in part because "Israel may be a dangerous place to hold the depositions").

In the event that Golsun continues to refuse to provide the discovery necessary to ascertain the proper location for the depositions, FlexSteel respectfully requests that the Court compel Golsun to present its witnesses in Miami, Florida at their counsel's offices. Golsun's alleged misappropriation includes its activities within the Miami region, Golsun's CEO Mr. Li has traveled into the Miami region to conduct the Golsun business on which FlexSteel's claims are based, no burden exists for Golsun's counsel to conduct the depositions in their own offices, and that location will enable this Court's intervention in the deposition proceedings if

necessary. *E.g.*, *Cadent*, 232 F.R.D. at 630 (ordering Israeli plaintiff's corporate representative be deposed in United States in part because plaintiff conducted business in the United States and both parties' counsel were located in the United States).

## CONCLUSION

More than three months after the Court approved FlexSteel's jurisdictional discovery, Golsun has still not provided substantive responses to many of FlexSteel's limited requests. Accordingly, FlexSteel respectfully moves, pursuant to Fed. R. Civ. P. 37, for the Court to to compel Golsun to produce the following discovery, and any other relief the Court deems proper:

  i.   Documents and information disclosing every instance its officers, employees, or agents traveled into the United States (RFP No. 8 and ROG No. 1);

  ii.   Documents and information concerning Golsun's U.S. activities regarding the Patents-in-Suit and Golsun Pipe (ROG No. 7, RFP No. 9, and RFA Nos. 1, 2, 4, 22, and 24);

  iii.   Supplement all discovery responses to include information from August 9, 2016 to present; and

iv.     Disclose what email accounts and other sources Golsun searched to provide its discovery responses and explain why any missing documents no longer exist.

Because Golsun has still not completed its written discovery obligations, FlexSteel also requests that the deadline to complete the depositions be extended until 30 days after Golsun completes its written discovery.

Dated:  July 12, 2019                              Respectfully submitted,

                                                  *s/ Timothy K. Gilman*
                                                  Timothy K. Gilman
James P. Judkins                                  timothy.gilman@kirkland.com
Fla. Bar No. 174168                               Nathaniel L. DeLucia
jjudkins@readyfortrial.com                        nathaniel.delucia@kirkland.com
JUDKINS, SIMPSON & SCHULTE                        Alison Tan-Chin
Post Office Box 10368                             alison.tan@kirkland.com
Tallahassee, Florida 32302                        KIRKLAND & ELLIS LLP
Tel. : (850) 222-6040                             601 Lexington Avenue
Fax.: (85) 561-1471                               New York, New York  10022
                                                  Tel.:   (212) 446-4800
                                                  Fax.:   (212) 446-4900

                                                  *Attorneys for Plaintiff FlexSteel*
                                                  *Pipeline Technologies, Inc.*

## CERTIFICATE OF CONFERENCE

Plaintiff, through its undersigned counsel, hereby certifies as the moving party that it has complied with the attorney-conference requirement of Local Rule 7.1(B). Plaintiff has conferred multiple times with opposing counsel to resolve the issues addressed in this motion, but the parties reached an impasse.

DATED: July 12, 2019

Respectfully submitted,

*/s/ Timothy K. Gilman*

Timothy K. Gilman
timothy.gilman@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel.: (212) 446-4800
Fax.: (212) 446-4900

JAMES P. JUDKINS
Fla. Bar No. 174168
jjudkins@readyfortrial.com
JUDKINS, SIMPSON & SCHULTE
Post Office Box 10368
Tallahassee, Florida 32302
Tel. : (850) 222-6040
Fax.: (85) 561-1471

*Attorneys for Plaintiff FlexSteel*
*Pipeline Technologies, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of FlexSteel's

Motion to Compel Jurisdictional Discovery has been served on the 12th of July, 2019

to all counsel of record who are deemed to have consented to electronic service via

the Court's CM/ECF system.


Gerald Fowler
McGowen & Fowler, PLLC
8584 Katy Fwy., Suite 103
Houston, Texas 77024

John C. Carey
Carey Rodriquez LLP
1395 Bricknell Avenue, Suite 700
Miami, Florida 33131

/s/ *Timothy K. Gilman*
Timothy K. Gilman

## CERTIFICATION OF WORD LIMIT

Plaintiff FlexSteel Pipeline Technologies, Inc. ("Plaintiff"), by and through its counsel, hereby certifies that its Motion to Compel Jurisdictional Discovery contains approximately 4,119 words and does not exceed the Court's 8,000 word limit for memorandums.  Plaintiff makes this certification in reliance on the word count tool of the word-processing system used to prepare the memorandum, as permitted by the Court's rules.

DATED:  July 12, 2019                         Respectfully submitted,

*/s/ Timothy K. Gilman*
Timothy K. Gilman
timothy.gilman@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Tel.:   (212) 446-4800
Fax.:  (212) 446-4900

JAMES P. JUDKINS
Fla. Bar No. 174168
jjudkins@readyfortrial.com
JUDKINS, SIMPSON & SCHULTE
Post Office Box 10368
Tallahassee, Florida 32302
Tel. : (850) 222-6040
Fax.: (85) 561-1471

*Attorneys for Plaintiff FlexSteel*
*Pipeline Technologies, Inc.*