IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FLEXSTEEL PIPELINE
TECHNOLOGIES, INC.,

        Plaintiff,

v.

BIN CHEN and CHANGCHUN
GAOXIANG SPECIAL PIPE CO., LTD.,
a/k/a GOLSUN PIPES,

        Defendants.
_____/

Case No. 5:16-cv-239-TKW-GRJ

# **O R D E R**

On August 8, 2019, the Court conducted a telephonic hearing to address Flexsteel's Motion to Compel Jurisdictional Discovery, ECF No. 108, and Defendant Golsun's Response in Opposition. ECF No. 111. For the reasons discussed on the record at the hearing, which are fully incorporated into this order, and as summarized below, Flexsteel's Motion to Compel Jurisdictional Discovery is due to be granted to the extent detailed in this order.

## **DISCUSSION**

Flexsteel's motion relates to the Court's previous ruling authorizing Flexsteel to conduct jurisdictional discovery from Golsun before Golsun may renew its motion to dismiss for lack of personal jurisdiction.

On March 31, 2019, the Court denied Golsun's motion to dismiss without prejudice so that Flexsteel could conduct jurisdictional discovery before Golsun renewed its motion to dismiss. ECF No. 98. Flexsteel submitted to the Court a plan for the proposed jurisdictional discovery, which the Court adopted and approved on April 9, 2019. ECF No. 100. The plan envisioned by the Court at that time required Flexsteel to serve the written discovery requests within 5 days and then Golsun would respond to the written discovery requests within 30 days. Flexsteel was then required to complete the depositions of the Golsun witnesses within 60 days after Flexsteel received Golsun's document production. The deadline to complete jurisdictional discovery under this plan was August 1, 2019. That has not happened, however, because a dispute arose concerning Golsun's objections to some of Flexsteel's written discovery requests. The parties attempted to resolve their difference through meet and confers but were unsuccessful, thus prompting the filing of the motion to compel jurisdictional discovery.

The main disagreements between the parties concern the following: (1) whether Golsun must produce documents concerning its United States and Florida activities after August 19, 2016, the date the complaint was filed in this case; (2) whether Golsun must produce passport information concerning travel in the United States by Golsun employees and representatives; (3) whether Golsun must respond to Flexsteel's interrogatory no. 7; (4) whether Golsun must produce drafts of contracts, distributorship agreements, or sales agreements that were not executed and concern sales territories outside the United States; and (5) the location of the depositions Flexsteel will conduct after written discovery is completed.

Turning first to the issue of whether Golsun must produce documents post-dating the filing of the complaint in this case, Flexsteel asserts that information about Golsun's activities in the United States during the last three years is important for determining personal jurisdiction. Flexsteel says that its claims in this case concern not only the misappropriation of its technology but Golsun's ongoing and continuing use of the misappropriated technology. Thus, according to Flexsteel, because the claims in this case involve continuing tortious behavior post-complaint activities are relevant to personal jurisdiction.

Golsun looks at Flexsteel's claims much more narrowly. Golsun argues that the misappropriation claims in this case concern the single one-time misappropriation of Flexsteel's technology when a Chinese patent was obtained in 2008 and then when a U.S. patent was obtained in 2015.

As the Court explained at the hearing, the Court concludes that Golsun's post-complaint activities are relevant to the issues the Court must consider in resolving the motion to dismiss for lack of personal jurisdiction. For example, in assessing the due process prong of the personal jurisdictional analysis the Court must assess, among other considerations, whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474-75 (1985). Certainly, purposeful contacts with Florida and the nature of Golsun's activities in the United States, if any, during the last three years would be instructive as to whether forcing Golsun to defend this suit in the United States would offend these types of considerations.

The claims in this case are not as narrow as Golsun suggests. There is little dispute that Flexsteel's complaint in this case is not just that its technology was misappropriated but that Golsun continues to use the technology in competition with Flexsteel. For that reason, in addition to

other relief, Flexsteel requests injunctive relief to stop Golsun from using the technology. Where, as here, the claims concern alleged ongoing harm, other courts have considered post-complaint activity as relevant to the issue of personal jurisdiction. *See, e.g. Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F. 3d 1558, 1562 (Fed. Cir. 1994); *OnAsset Intelligence, Inc. v. 7PSolutions, LLC.,* case No. 3:12-cv-3709-N, 2013 WL 12125993, at *3 (N.D. Tex. Aug. 21, 2013).

For these reasons, Flexsteel's motion to compel Golsun to produce documents post-dating the filing of the complaint is due to be granted. Golsun must produce documents concerning its activities after August 19, 2016.

Regarding the dispute about travel in the United States by Golsun employees, Flexsteel says that Golsun only produced documents evidencing some trips to the United States and Florida by Golsun's CEO, Mr. Li but did not produce any documents concerning other trips by Mr. Li or any documents evidencing trips by other Golsun officers, employees or agents. Flexsteel requests that to remedy this deficiency the Court should require Golsun to produce the passport stamp pages from these officers and employees.

Golsun says that it cannot force employees to produce their passports, and in any event, stamps on a passport would not identify whether a trip is for business or personal reasons. Personal trips by Golsun employees, unrelated to any business purpose, would of course not be relevant to the determination of whether Golsun is subject to personal jurisdiction.

Although the Court agrees that Golsun is not required to produce to Flexsteel the passport stamp pages from its employees' passports, the passport stamp pages would provide the best check on the dates and locations of any trips to the United States. Accordingly, counsel for Golsun is directed to obtain (but not produce) the passport stamp pages for Golsun employees, who have traveled to the United States. Counsel must then obtain and produce all documents from Golsun evidencing the expenses for the trips for any travel identified on the passport stamp pages. To the extent travel is identified on the passport stamp pages, and the travel is for Golsun business purpose but Golsun does not have documents evidencing the expenses for the trips, Golsun must advise Flexsteel of the date(s) and location(s) of the business trip(s) and that Golsun does not have any documentations evidencing the trip. Lastly, consistent with the Court's ruling that documents concerning post-filing activities must be produced,

Golsun must produce documents evidencing business trips to the United States which post-date August 19, 2016.

Turning to Interrogatory number 7, Flexsteel requested Golsun to "describe in detail … communications, relationships, or interactions regarding Golsun Pipe or the Patents-in-Suit with anyone located, based, domiciled or otherwise using an address in the United States." Golsun did not respond to this request and instead represented that it "is without information sufficient to respond to this request." As the Court stated at the hearing, this interrogatory requests information highly relevant to the personal jurisdiction inquiry and therefore must be provided. Golsun says that disclosing its activities in the United States would place an undue burden on it because of the volume of Golsun's activities within the United States. The interrogatory merely requires Golsun to describe its activities and not list every phone call or date when a phone call was made. There is nothing burdensome about responding to this interrogatory and therefore Golsun must provide a response.

Lastly, regarding whether Golsun must produce copies of unsigned drafts of contracts, distributorship or other agreements, these documents must be produced, even where the contract is with an entity in the United States but concerns sales outside of the United States.

The Court also discussed with the parties the location of the depositions after Golsun has produced the supplemental documents required by this order. Golsun suggests that the depositions should take place by videoconference. Because the depositions would be document intensive, and there may be language issues, Flexsteel wants to take the depositions in person. The depositions cannot be taken in China because of prohibitions in China on taking depositions there. Golsun has suggested Hong Kong as an alternative. Because there may be a possibility that the Golsun witnesses will be traveling in the next two months to a location in the United States or a location outside the United States, such as London, which would be more convenient, Golsun's counsel must contact his client to determine whether the Golsun witnesses have any travel plans in the next 60 days. If so, counsel should discuss arrangements to schedule the depositions at the neutral location. In the event the Golsun witnesses do not have any travel plans scheduled within the next 60 days the parties are directed to discuss arrangements for Flexsteel to pay the travel expenses of the Golsun witnesses for depositions to be conducted in a convenient location in the United States. In the event the parties are unable to reach agreement on the location of the depositions by August 30, 2019, Flexsteel must file a motion advising the Court that the parties did not reach

agreement. The Court will then schedule a brief telephonic hearing and select the location for the depositions.

Because Golsun is required to produce supplemental documents, the parties requested, and the Court agreed, that the current schedule must be modified. Therefore, the following schedule applies. Golsun must produce supplemental documents by August 30, 2019. Flexsteel must schedule and complete the depositions of the Golsun witnesses by September 30, 2019. Golsun must file its renewed motion to dismiss for lack of personal jurisdiction by October 14, 2019. Flexsteel must file its response to the motion to dismiss by October 31, 2019.

Accordingly, upon due consideration, it is **ORDERED**:

1. Flexsteel's Motion to Compel Jurisdictional Discovery, ECF No. 108, is **GRANTED**. Flexsteel must produce the supplemental documents identified in this order by **August 30, 2019**.

2. The parties must discuss the location for the Golsum witness depositions, and if agreement is not reached by **August 30, 2019**, Flexsteel must file a motion advising the Court that the parties did not reach agreement. The Court will then schedule a telephonic hearing and the Court will select the location for the depositions.

3. Flexsteel must complete the depositions of the Golsun witnesses by **September 30, 2019**. Golsun must file its renewed motion to dismiss for lack of personal jurisdiction by **October 14, 2019**.

Flexsteel must file its response to the motion to dismiss by **October 31, 2019**.

**DONE AND ORDERED** this 9th day of August 2019.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge