IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FLEXSTEEL PIPELINE
TECHNOLOGIES, INC.,

    Plaintiff,

v.
                                             CASE NO. 5:16-cv-239-TKW-GRJ

BIN CHEN and CHANGCHUN
GAOXIANG SPECIAL PIPE CO., LTD.
a/k/a GOLSUN PIPES,

    Defendants.
_____/

# O R D E R

On September 25, 2019, the Court conducted a telephonic hearing to address a dispute between the parties concerning the scheduling of depositions as part of the jurisdictional discovery the Court previously authorized Flexsteel Pipeline Technologies, Inc. ("Flexsteel") to conduct. The Court authorized Flexsteel to conduct a 30(b)(6) deposition of Golsun Pipes ("Golsun"), as well as depositions of several other Golsun employees. The parties have not been able to agree on the location of the depositions or the terms for reimbursement of expenses.

## Discussion

As background, on August 9, 2019, the Court held a hearing on

Flexsteel's Motion to Compel Jurisdictional Discovery. In granting Flexsteel's motion to compel, the Court ruled (among other issues) that the parties meet and confer to discuss scheduling the location of the depositions to accommodate the travel plans of the Golsun representatives. ECF No. 114. In the event the Golsun representatives did not have travel plans in August or September, the Court directed the parties to discuss a location in the United States for the depositions. In the event the depositions were scheduled in the United States the Court directed Flexsteel to pay the reasonable travel expenses for the Golsun representatives. The Court cautioned the parties that if they did not reach agreement on the location of the depositions the Court would decide the issue. The parties did not reach agreement on the scheduling of the depositions, which prompted the Court to schedule the telephonic hearing to resolve the issue.

Golsun argues that it should not be required to appear in the United States for depositions because the Court previously stated that Defendant's depositions should not be conducted in the Northern District of Florida. ECF No. 100. While depositions of a corporate defendant usually take place at the corporation's place of business, the problem in this case is that Golsun's principal place of business is in China, a country which

does not permit or recognize the right of a party to take depositions within its borders. For that reason, the Court on August 9, 2019, directed the parties to identify a neutral location for the depositions, and if the parties did not reach agreement on a neutral location, the Court would direct the parties to conduct the depositions at a convenient location in the United States but at Flexsteel's expense. The reason the Court directed the parties to schedule the depositions at a neutral site in the United States—if the parties could not identify a convenient international site—was to avoid the considerable expense if both counsel were required to travel internationally and to avoid the significant attorney's fees both sides would incur if counsel for the parties were required to conduct the depositions internationally. Thus, conducting the depositions at a neutral site in the United States makes the most sense and is the best and most cost-effective solution for the venue for the depositions.

Flexsteel advised the Court that it agrees to conduct the depositions in Miami, Florida, the location of Golsun's counsel. Conducting the depositions in Miami will avoid the considerable expense that Golsun's counsel would have incurred if Golsun's counsel was required to travel internationally to attend the depositions. For these reasons, the Court directs the parties to conduct the depositions in Miami, Florida.

The parties also disagree about the travel expenses Flexsteel must pay for Golsun representatives to travel to Miami for the depositions. Golsun wants Flexsteel to pay for upgraded business class airfare and pay for the hotel of Golsun's choice. Flexsteel says that while it will pay for the travel expenses the expenses should be reasonable and not at the unbridled discretion of Golsun.

For the reasons discussed on the record at the hearing, the Court concludes that Flexsteel must only pay for customary main cabin airfare. This is consistent with government authorized travel, which only provides for reimbursement of main cabin airfare charges. As to hotel expenses, Flexsteel must pay for reasonable hotel expenses and not the expenses of a luxury hotel. The Court will not micro-manage the selection of a suitable hotel but will rely on the parties to agree to suitable hotel accommodations. As a guidepost, the hotel accommodations should be of the same quality and class as the hotel where Flexsteel's counsel will stay.

Additionally, during the hearing, Flexsteel, advised the Court that Golsun intends to produce its CEO as its 30(b)(6) representative and as an individual fact witness but that Golsun does not intend to produce any other employees for deposition because the employees Flexsteel previously noticed for deposition no longer are employed at Golsun.

Golsun's counsel represented at the hearing that the other employee left the employ of Golsun and therefore counsel has no control over them. Because of the departure of the other Golsun employees Flexsteel requests the Court to direct Golsun to provide further information concerning the "when, where, how and why" of the Golsun witness departures. The Court declines to do so and instead authorizes Flexsteel to inquire at the deposition of Golsun's CEO about the circumstances of the witnesses' departure from Golsun.

Lastly, because of the delays in this case, and to avoid impacting the Court ordered October 14, 2019, deadline for Golsun to renew its motion to dismiss for lack of personal jurisdiction, the Golsun depositions in Miami, Florida must be scheduled and completed no later than October 11, 2019. To this extent the Court's September 30, 2019, deadline for completing jurisdictional discovery is modified but the October 14, 2019 deadline for Golsun to refile its motion to dismiss and the October 30, 2019 deadline for Flexsteel to file its response to the motion to dismiss are not extended.

**DONE AND ORDERED** this 26th day of September 2019.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge