IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FLEXSTEEL PIPELINE
TECHNOLOGIES, INC.,

    Plaintiff,
v.                                             CASE NO. 5:16-cv-239-TKW-GRJ

BIN CHEN and CHANGCHUN
GAOXIANG SPECIAL PIPE CO., LTD.
a/k/a GOLSUN PIPES,

    Defendants.
_____/

## **O R D E R**

Pending before the Court is FlexSteel's Motion to Submit Confidential Documents. ECF No. 129. Defendant Changchun Gaoxiang Special Pipe Co., Ltd. ("Golsun") filed a response, ECF No. 130, representing that it did not oppose FleSteel's request to file its opposition under seal but opposes FlexSteel's request for an extension of time.

FlexSteel intends to file its opposition to Defendant Golsun's Renewed Motion to Dismiss for Lack of Personal Jurisdcition Or, in the Alternative, Motion to Transfer Venue to the Eastern District of Virginia on October 31, 2019. ECF No. 126. Included within the material Golsun will file are

documents comprising and reflecting Golsun's and third parties' confidential technical and design documentation, research and development information, customer information and financial and pricing data, some of which (or perhaps all of which) may be subject to an order sealing the information. Rather than first filing a motion to seal and advancing arguments supporting the sealing of the documents under applicable Eleventh Circuit law for sealing documents, FlexSteel proposes that it file its opposition on the docket with the confidential materials redacted and then meet and confer with Golsun to discuss whether there is good cause for sealing any of the designated material.

As to third party documents FlexSteel proposes that it also engage in a meet-and-confer with the third parties. FlexSteel will serve Golsun with an unredacted version of its opposition designated as confidential and subject to protective order. FlexSteel will then file manually with the Court on Monday November 4, 2019, unredacted versions of all motions and exhibits. Thereafter FlexSteel promptly will engage in a meet-and-confer with Golsun and the third parties and advise the Court if a producing party requests that any submitted material be maintained under seal and, if so, the bases for maintaining the documents under seal.

Golsun does not object to FlexSteel filing its opposition under seal but interprets FlexSteel's motion as requesting an extension of time. Golsun says this warrants the Court finding FlexSteel's opposition as untimely.

In support of its position Golsun points to the Court's comment in the September 26, 209 order, ECF No. 129, which stated the deadline for filing the opposition as October 30, 2019 and not October 31, 2019, as FlexSteel calculates the deadline. The correct deadline is October 31, 2019. In the Court's August 9, 2019 order the Court expressly recited that "Golsun must file its renewed motion to dismiss for lack of personal jurisdiction by October 14, 2019 and FlexSteel must file its response to the motion to dismiss by October 31, 2019." ECF No. 114, pp. 9-10. The Court set October 31, 2019 as the deadline for filing the opposition because it was the last day of the month. The Court incorrectly recited October 30, 2019 as the deadline in the Court's September 26, 2019 order. ECF No. 124. The October 30, 2019 date was included in the September 26, 2019 order by error and not because the Court had shortened the response deadline from October 31 to October 30. In any event because October 31, 2019 is the correct deadline—and even if it was not, FlexSteel certainly could say it

reasonably relied upon the Court's previous order—FlexSteel's motion does not present a request for an extension of time. Thus, filing the opposition on October 31, 2019 will not be untimely.

Turning now to the real point of FlexSteel's motion the procedures proposed by FlexSteel hopefully will minimize the volume of material whose confidentiality will be submitted to the Court to evaluate. Rather, than presenting the Court with a voluminous motion (or multiple motions) to seal FlexSteel's proposed protocol will reduce the number of documents subject to sealing and thus relieve the Court from having to engage in the time consuming process of determining whether documents should be sealed based upon the Eleventh Circuit's balancing test for documents that neither Golsun nor any third parties care whether the documents are sealed. The Court recently has utilized a similar protocol for submitting sealed documents in a MDL proceeding pending before the Court. *See, In Re: 3M Combat Arms Earplug Products Liability Litigation*, Case No. 3:19-md-2885-MCR-GRJ, ECF No. 788.

Therefore, because the protocol FlexSteel suggests in its motion makes sense, facilitates the parties filing documents without having to wait for the Court to enter an order sealing the documents and ultimately allows

the Court to make a decision regarding sealing documents where there is a real need to file the documents under seal, the Court concludes that FlexSteel's motion is due to be granted.

Upon due consideration, it is **ORDERED**:

1. FlexSteel's Motion to Submit Confidential Documents, ECF No. 129, is **GRANTED**.

2. FlexSteel must file via ECF by October 31, 2019, its opposition to Glosun's motion to dismiss that is redacted to remove such material designated as confidential under the Court's Protective Order by noting on the documents "REDACTED PURSUANT TO PROTECTIVE ORDER."

3. FlexSteel must electronically serve Golsun by October 31, 2019 unredacted versions of all motions and exhibits (including designated materials), designated "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY'S EYES ONLY SUJBECT TO PROTECTIVE ORDER," as applicable.

4. Flexsteel must file manually with the Court by Monday November 4, 2019, unredacted versions of all motions and exhibits (including designated materials), similarly designated.

5. FlexSteel must promptly meet-and-confer with Golsun, and with third parties as needed, and inform the Court within twenty (20) days if a producing party requests that any submitted material should continue to be maintained under seal and the reasons why the documents should continue to remain under seal. In the absence of any such request all documents filed under seal or filed with redactions will be lifted and refiled on the docket without further notice. In the event FlexSteel files a request for the Court to continue to maintain documents under seal the Court will then address whether the documents should continue

to be maintained under seal in accordance with applicable Eleventh Circuit standards.

**DONE AND ORDERED** this 31st day of October 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge