IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FLEXSTEEL PIPELINE
TECHNOLOGIES, INC.,

Plaintiff,

v. Case No. 5:16-cv-239-TKW-GRJ

BIN CHEN and CHANGCHUN
GAOXIANG SPECIAL PIPE CO., LTD.,
a/k/a GOLSUN PIPES,

Defendants.

_________________________________/

# ORDER

Pending before the Court is Plaintiff Flexsteel Pipeline Technologies' request for sanctions. ECF No. 128.[1] Flexsteel requests the Court to impose sanctions under Rule 37 of the Federal Rules of Civil Procedure against Defendant Changchun Gaoxiang Special Pipe Co., Ltd., *a/k/a* Golsun Pipes, for Golsun's failure to produce its CEO, Mr. Shichun Li, for deposition as a fact witness and corporate representative in accordance with this Court's September 26, 2019, discovery order. *Id.* at 14–17. Golsun filed a response in opposition, ECF No. 134, Flexsteel filed a reply

[1] Flexsteel's request for sanctions was submitted as part of its memorandum in opposition to Golsun's motion for an extension of time to conduct Mr. Li's deposition. ECF No. 128. The Court treats Flexsteel's request as a separate motion to impose Rule 37 sanctions.

memorandum, ECF No. 139, and Golsun further submitted a declaration from Mr. Li, ECF No. 138. After careful consideration, and for the reasons stated below, Flexsteel's request for sanctions is **GRANTED**.[2]

## I. BACKGROUND

Flexsteel's request for sanctions relates to the execution of the Court's jurisdictional discovery plan and subsequent discovery orders. A brief chronology of the material events leading to Flexsteel's request, therefore, is necessary.

Flexsteel initiated this lawsuit on August 19, 2016, in a complaint alleging that Defendants Bin Chen, a Chinese citizen residing in Houston, Tex., and Golsun, a Chinese corporation, misappropriated Flexsteel's

[2] The undersigned has the authority to enter a sanctions order (as opposed to a report and recommendation) because the sanction the Court imposes does not dispose of any party's claim or defense. *See* Fed. R. Civ. P. 72(a) (stating a magistrate judge may enter a written order resolving any "pretrial matter not dispositive of a party's claim or defense"); *King v. Akima Global Servs.*, 323 F.R.D. 403, 408 (S.D. Fla. 2017) ("[M]agistrate judges have jurisdiction to enter sanctions orders for discovery failures which do not strike claims, completely preclude defenses, or generate litigation-ending consequences."); *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 683 n.2 (S.D. Fla. 2012) (explaining "a magistrate judge's ability to enter a significant discovery sanction order when the effect is not similar to a default judgment or to preclude a defense"); *see also Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519–20 (10th Cir. 1995) ("[I]f the magistrate judge does not impose a dispositive sanction the order falls under Rule 72(a) rather than Rule 72(b)."); *Cates v. Trs. Of Columbia Univ. in City of New York*, 330 F.R.D. 369, 372 (S.D.N.Y. 2019) ("Motions like the one before the Court seeking preclusion sanctions are ordinarily considered non-dispositive, and therefore fall within the grant of Rule 72(a), unless the sanction employed disposes of a claim."); *Wachtel v. Guardian Life Ins. Co.*, 239 F.R.D. 376, 384 (D.N.J. 2006) ("A magistrate judge's rulings concerning discovery, including sanction orders, are non-dispositive motions.").

flexible pipe technology by filing patents on Flexsteel's inventions. ECF No. 1. Flexsteel filed its Amended Complaint on November 9, 2016, which included claims for correction of inventorship of the '397 Patent, conversion, breach of contract, tortious interference with contractual obligations, misappropriation of trade secrets, and violation of Florida's civil theft statute. ECF No. 16.

Golsun challenged personal jurisdiction and venue in a motion to dismiss the Amended Complaint. ECF No. 87. In support of its motion, Golsun filed an affidavit from its CEO, Mr. Li. ECF No. 87-1. Flexsteel opposed the merits of Golsun's motion to dismiss, ECF No. 90, but argued, alternatively, that the Court should order Golsun to disclose limited jurisdictional discovery if the Court viewed the personal jurisdiction challenge as a close question, *id.* at 33. On March 31, 2019, the Court denied Golsun's motion to dismiss without prejudice and provided Flexsteel the opportunity to conduct jurisdictional discovery. ECF No. 98.

Flexsteel filed a proposed discovery plan, which included the deposition of Golsun's corporate representative and Mr. Li as a fact witness. ECF No. 99 at 3. The Court modified and adopted Flexsteel's proposal on April 9, 2019, as follows. ECF No. 100. The Court ordered that Flexsteel serve its written discovery requests within five days of the

Court's order and Golsun would respond to the written discovery requests within 30 days after service. *Id.* at 2. Flexsteel was then required to complete its depositions of Golsun witnesses within 60 days after Golsun completed its document production. *Id.* The Court rejected Flexsteel's proposal that the depositions occur in the Northern District of Florida, but the Court did not order a specific location and directed the parties to confer in good faith to determine the logistics of the depositions. *Id.* at 2–3. The deadline to complete jurisdictional discovery under the plan was July 18, 2019. *Id.* at 3. The Court later extended that deadline to August 1, 2019, upon Golsun's unopposed motion. ECF Nos. 101, 102.

The execution of the Court's discovery order did not go according to plan. Disputes arose between the parties concerning the scope of Flexsteel's written discovery requests and the location of depositions. Golsun submitted objections to Flexsteel, and on July 12, 2019, after several meet and confers regarding the written productions and the potential locations for depositions, Flexsteel filed a motion to compel. ECF No. 108. Flexsteel argued, *inter alia*, that the depositions of any Golsun witnesses should take place in a convenient location in the United States because foreign depositions, particularly in China, were not feasible or cost-effective for the parties or their counsel. *Id.* at 16. Flexsteel

suggested Miami, Fla., because Golsun's counsel is located there and Mr. Li previously traveled to Miami for business. *Id.* at 16–18. Golsun proposed the depositions should occur by videoconference or in Hong Kong. ECF No. 111 at 8–15.

On August 8, 2019, the parties appeared for a telephonic hearing on Flexsteel's motion to compel, and the next day the Court entered a written order resolving the parties' disputes. ECF Nos. 114, 115. The Court found that the depositions could not reasonably take place by videoconference because, as Flexsteel observed, the depositions would be document intensive. ECF No. 114 at 8. The Court also found that the depositions could not occur in China, due to legal constraints there on the taking of sworn testimony for foreign proceedings,[3] or in Hong Kong. *Id.* The Court ultimately ordered the parties to discuss scheduling the location of the depositions to accommodate any of the Golsun witnesses who were traveling for work within the United States or to another convenient

[3] *See Melaleuca, Inc. v. Kot Nam Shan*, No. 4:18-cv-36-DCN, 2018 WL 1952523, at *7 (D. Idaho Apr. 24, 2018) (discussing China's policy forbidding depositions for use in foreign courts and stating the policy "could greatly hinder or completely block the parties' efforts to depose witnesses or gather other evidence in China in this case"); *Brown v. China Integrated Energy, Inc.*, No. CV 11-2559-BRO (PLAx), 2014 WL 12580245, at *2 (C.D. Cal. Aug. 6, 2014) ("[T]he general rule of deposing corporate representatives at their principal place of business cannot be followed here, as China is not an available forum for any of the depositions. Thus, all of the deponents will have to travel outside of China regardless of where the depositions occur." (emphasis omitted)).

location, such as London, in August or September. *Id.* If the witnesses had travel plans, Golsun's counsel was required to contact Flexsteel so they may arrange for the depositions to occur at a neutral location. If not, the parties were required to discuss arrangements for Flexsteel to pay the witnesses' travel expenses for depositions in a convenient location in the United States. *Id.* If the parties were unable to reach an agreement, they were required to inform the Court by August 30, 2019, so that the depositions could occur by September 30, 2019. *Id.* at 8–9.

The parties were unable to resolve their disputes after several extensions, and the Court held a second hearing on September 25, 2019. ECF No. 123. At the hearing, Golsun explained that, in light of the termination or departure of several relevant employees, it would produce one witness, Mr. Li, for deposition as both a fact witness and as its corporate representative. ECF No. 124 at 4. Golsun, however, argued that Mr. Li should not be required to appear in the United States for depositions because the Court previously stated that depositions would not be conducted in the Northern District of Florida. *Id.* at 2. The Court explained in a written order entered on September 26, 2019, that it previously ordered the parties to confer about holding the depositions at a neutral site in the United States or a convenient international site "to avoid the considerable

expense if both counsel were required to travel internationally and to avoid the significant attorney's fees both sides would incur if counsel for the parties were required to conduct the depositions internationally." *Id.* at 3. The Court ordered – unmistakably – that Mr. Li's deposition must be held in Miami no later than October 11, 2019, so as to not affect Golsun's deadline to refile its motion to dismiss by October 14, 2019. *Id.* at 4–5.

Golsun did not object to, or otherwise appeal, this Court's September 26, 2019, order. On October 11, 2019, Golsun's deadline to produce Mr. Li for deposition, Golsun sought an extension. ECF No. 125. In its motion, Golsun asserted that a 60-day extension to the Court's deadline to conduct Mr. Li's deposition was necessary because Mr. Li was prohibited from traveling outside of China due to a Decree of Restricting Consumption ("the Decree") imposed by a Chinese court on July 16, 2019, as the result of a debt dispute between Golsun and another Chinese company. *Id.* at 2; ECF No. 125-1 at 12. There is no dispute that Golsun and Mr. Li knew about the Decree since its issuance on July 16, 2019, but this was the first time the Court was made aware of any restriction on Mr. Li's travel outside of China. Golsun's counsel represented in the motion that counsel was unaware of the Decree at the September 25, 2019, hearing and that Mr. Li was seeking an exception with the Chinese court to allow him to travel to Miami for the

deposition on an undetermined future date. ECF No. 125 at 2. In support of its motion, Golsun filed an affidavit from Mr. Li which demonstrated his attempt to purchase airfare on September 27, 2019, for travel from China to Los Angeles on October 10, 2019. ECF No. 125-1.

Flexsteel opposed Golsun's motion because Mr. Li failed to timely request an exception to the Decree to travel for his deposition notwithstanding this Court's prior orders, which called for his deposition to take place outside of China. ECF No. 128 at 13–14. Flexsteel also argued that any extension was likely futile because Golsun did not offer any assurances that Mr. Li would be permitted to travel for a future deposition. *Id.* at 14. Lastly, Flexsteel requested that the Court impose sanctions against Golsun under Rule 37 for failing to obey the Court's discovery orders. *Id.* at 14–18. Flexsteel complained that Golsun's failure to produce Mr. Li for deposition violated three court orders, ECF Nos. 100, 114, 124, and the Decree did not excuse Mr. Li's appearance. *Id.* Flexsteel suggested that an appropriate sanction, in addition to reasonable expenses and fees, is to bar Golsun from relying on any testimony by Mr. Li in support of its renewed motion to dismiss.[4]

---

[4] Golsun filed a renewed motion to dismiss for lack of personal jurisdiction on October 14, 2019. ECF No. 126. In its motion, Golsun cited the affidavit from Mr. Li in support of the

The Court denied Golsun's motion for an extension of time on November 1, 2019. ECF No. 133. The Court found Golsun's last-minute request for an extension "smacks of a litigation ploy to utilize Mr. Li as a witness by filing his declaration and at the same time preventing Flexsteel from a full and fair opportunity to cross-examine Mr. Li regarding the issues relevant to the Court's determination of whether Golsun is subject to personal jurisdiction." *Id.* at 3. The Court again ordered Mr. Li to appear for his deposition in Miami by November 15, 2019, and for Golsun and Mr. Li to "take all appropriate action to obtain on an expedited basis the necessary approvals for [Mr. Li's] travel so that he can appear[.]" *Id.* at 3–4. If Mr. Li was not permitted to travel to the United States prior to November 15, 2019, the Court required him to file an affidavit detailing his efforts to appear for deposition. *Id.* at 4. Finally, the Court ordered Golsun to respond to Flexsteel's request for sanctions. *Id.*

Golsun now opposes Flexsteel's request for sanctions. ECF No. 134. Golsun says that sanctions are not warranted because the only pertinent order to produce Mr. Li for deposition was the September 26, 2019, discovery order, its failure to comply with the September 26, 2019, order

initial motion to dismiss (ECF No. 87-1). *See, e.g.*, *id.* at 3, 5, 15, 16, 28, 30. Flexsteel has filed a response in opposition to Golsun's motion. ECF No. 132.

was justified by Mr. Li's travel restriction, and Golsun promptly sought a motion for extension of time to conduct Mr. Li's deposition when it learned that he could not appear by the October 11, 2019, deadline. *Id.* Moreover, Golsun attempts to distinguish the non-binding cases cited by Flexsteel in its request for sanctions and argues that sanctions are inappropriate here because its conduct was not willful. *Id.* at 20–22.

On November 14, 2019, Golsun filed a second affidavit from Mr. Li. ECF No. 138. Mr. Li states in his affidavit that on November 8, 2019, he appeared before the People's Court of Kuancheng District in Changchun, Jilin Province, China on his request for an exception to the Decree and provided the Chinese court with this Court's order compelling his deposition in Miami. *Id.* at 3. On November 12, 2019, the Chinese court denied Mr. Li's application to lift the travel restriction. *Id.* Nevertheless, Mr. Li attached exhibits to his affidavit that do not support his assertions. For example, Golsun sent a letter on September 30, 2019, to the People's Court requesting permission for Mr. Li to travel to Florida to represent the company in a hearing "to be held from November 20, 2019[,] to December 5, 2019[.]" *Id.* at 24. Golsun's letter did not mention the court-ordered deposition or the October 11, 2019, deadline. The November 12, 2019, order from the People's Court also states that Mr. Li's exception to the

Decree was denied because he "failed to provide the information about [his] secured property with corresponding value and [his] repayment plan" in the civil case that resulted in the Decree. *Id.* at 29.

Flexsteel filed a reply memorandum on November 18, 2019, with leave of court. ECF No. 139. Flexsteel addresses the deficiencies in Mr. Li's application to the Chinese court, calling them "months-late" and "half-hearted," *id.* at 2, and points to Golsun's failure to appoint another corporate representative for deposition as further evidence of its defiance, *id.* at 3. Finally, Flexsteel argues that it does not need to prove Golsun's conduct was willful for the Court to impose sanctions. *Id.* at 5.

## II. LEGAL STANDARD

The Court is afforded broad authority to impose sanctions under Rule 37 when a party fails to obey a discovery order. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). Rule 37(b)(2) provides for, on the one hand, dispositive sanctions such as the entry of an involuntary dismissal or default judgment and, on the other hand, lesser sanctions such as striking pleadings, staying proceedings, designating facts or elements as undisputed, and precluding the introduction of certain evidence. Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii).

The party seeking sanctions typically must establish by a preponderance of the evidence that the opposing party violated a discovery order and that the requested sanctions are appropriate. *Deepgulf Inc. v. Moszkowski*, No. 3:18-cv-1466-TKW-MJF, 2019 WL 6048962, at *4 (N.D. Fla. Nov. 5, 2019); *Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp.*, 328 F.R.D. 100, 119 (S.D.N.Y. 2018). The moving party does not need to show an opposing party's willfulness or bad faith for the Court to impose lesser sanctions. *See Coquina Invs. v. TD Bank, N.A.*, 760 F.3d 1300, 1319 (11th Cir. 2014) ("'Our caselaw is clear that only in a case where the court imposes the most severe sanction – default of dismissal – is a finding of willfulness or bad faith failure to comply necessary.'" (quoting *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1049 (11th Cir. 1994))). If the opposing party's defense is that compliance with the discovery order was impossible, that party "'must go beyond a mere assertion of inability and satisfy [its] burden of production on the point by introducing evidence in support of [its] claim.'" *In re Chase & Sanborn Corp.*, 872 F.2d 397, 400 (11th Cir. 1989) (quoting *United States v. Hayes*, 722 F.2d 723, 725 (11th Cir. 1984)); *see also United States v. One 1999 Forty Seven Foot Fountain Motor Vessel*, 240 F.R.D. 695, 698 (S.D. Fla. 2007) ("Once the moving party makes a prima facie showing that the other

party violated the court's discovery order, the non-moving party must prove that it was impossible to comply in order to avoid sanctions."). That is, the disobedient party must present evidence demonstrating that it made all reasonable efforts to comply with the discovery order. *BankAtlantic*, 12 F.3d at 1050.

Sanctions are not imposed as a reward to the moving party but instead are intended to "(1) compensate the court and other parties for the added expense caused by discovery abuses; (2) compel discovery; (3) deter others from engaging in similar conduct; and (4) penalize the offending party or attorney." *Steward v. Int'l Longshoreman's Ass'n, Local No. 1408*, 306 F. App'x 527, 529 (11th Cir. 2009) (citing *Wouters v. Martin Cty., Fla.*, 9 F.3d 924, 933 (11th Cir. 1993)). Discovery sanctions thus serve the laudable goals of "prevent[ing] unfair prejudice to the litigants and insur[ing] the integrity of the process." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).

If the Court finds that a party has failed to comply with a discovery order, the Court *must* order the disobedient party to pay the reasonable expenses and attorney's fees of the moving party caused by the failure to comply – in addition to or instead of any sanction imposed under Rule 37(b)(2)(A) – unless the failure was "substantially justified or other

circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). A party's position is "substantially justified" only if it is in response to a "'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)) (alterations adopted).

## III. DISCUSSION

To resolve Flexsteel's request for sanctions, the Court must address several disputed and related issues: (1) whether Golsun failed to obey a discovery order when it did not produce Mr. Li for deposition as a fact witness and corporate representative by October 11, 2019; (2) if Golsun violated a discovery order, whether Golsun's compliance with the order was impossible and Golsun has presented sufficient evidence to demonstrate that it made all reasonable efforts to comply; (3) if Golsun violated a discovery order it could have complied with but did not, whether the preclusion sanction Flexsteel requests is appropriate; and (4) if Golsun violated a discovery order, whether Flexsteel is entitled to reimbursement of its reasonable expenses, including attorney's fees, related to Golsun's disobedience because Golsun's position was not substantially justified.

### A. Golsun violated the Court's September 26, 2019, discovery order (ECF No. 124).

On September 26, 2019, the Court ordered Mr. Li's appearance for deposition in Miami by October 11, 2019. ECF No. 124 at 5. Golsun does not meaningfully challenge this fact, nor could it. *See* ECF No. 134 at 11 ("In truth, it was not until this Court's September 26th Order that Mr. Li was specifically compelled to travel to Miami to be deposed." (citing ECF No. 124 at 5.)). Moreover, Golsun did not object to or otherwise appeal that order, and thus it was in effect when Golsun eventually did not produce Mr. Li for deposition. Golsun therefore violated the September 26, 2019, discovery order

The parties disagree over whether Golsun also disobeyed the Court's April 9, 2019, order setting forth the jurisdictional discovery plan, ECF No. 100, and the August 9, 2019, order granting Flexsteel's motion to compel, ECF No. 114. Although, as explained below, these prior orders are relevant to other considerations in this case, such as the issue of whether Golsun acted reasonably, the Court concludes that Golsun only violated the command of the Court's September 26, 2019, order compelling Mr. Li to appear for his deposition in Miami. This was the most recent order in the Court's jurisdictional discovery plan, and it set forth a specific location and deadline for the deposition to occur.

### B. Golsun has failed to prove that it made all reasonable efforts to comply with the September 26, 2019, discovery order.

The Court must now turn to whether Golsun should be sanctioned and, if so, how. Golsun contends that it should not be sanctioned because it made all reasonable efforts to comply with the Court's order for Mr. Li to appear in Miami for his deposition but the travel restrictions imposed by the Chinese court made his appearance impossible. ECF No. 134 at 8, 20–22. This argument blinks reality.

Golsun ignores this case's procedural history. Golsun knew in July that Mr. Li would need permission from the Chinese court to travel outside of China if he were required to for this case, but it did not inform its counsel or the Court of this restriction notwithstanding two opportunities to do so at hearings addressing the details of Mr. Li's deposition. And contrary to Golsun's assertions, the order for Mr. Li to appear in the United States for his deposition was not a bolt from the blue. Even if there was some question as to whether Mr. Li would need to travel outside of China for his deposition, it could not reasonably exist after the Court issued the August 9, 2019, order. There, the Court stated unequivocally that any depositions could not, and therefore would not, occur in China, and the undersigned strongly encouraged the parties to find a convenient and neutral location in

the United States or another country. ECF No. 114 at 8. Notably, at that point Golsun did not seek permission for Mr. Li to travel to any convenient location for a deposition prior to the September 30, 2019, discovery deadline.

Golsun instead waited to act until the Court set the final terms for Mr. Li's deposition in its September 26, 2019, order. This was (and continues to be) problematic for multiple reasons. First, the Court does not give any weight to Mr. Li's immediate attempt to purchase his airfare online because he knew he was subject to a travel restriction that would require him to apply to the Chinese court for approval. ECF No. 138 at 14. Second, assuming Golsun's request to the Chinese court for Mr. Li to travel for work purposes was properly filed on Mr. Li's behalf and in an effort to expeditiously resolve the matter, the request inexplicably did not accurately disclose the reason for his travel (the court-ordered deposition) or a deadline prior to October 11, 2019. *Id.* at 24. It is no wonder the Court would deny Mr. Li's request on the merits if he did later appear before the Court (as he states in his declaration) with an entirely different and more immediate request to travel from that proposed by Golsun in its letter. *See id.* at 3 (stating Mr. Li appeared before the Chinese court on November 8, 2019, to provide it with this Court's order compelling his deposition in

Miami). The Chinese court, however, did not rule on the merits of Mr. Li's request. The court stated that Mr. Li's travel request was denied because he failed to provide relevant information about his secured property and repayment plan. *Id.* at 29.

At bottom, Golsun's eleventh hour application to the Chinese court not only failed to state the actual purpose or date of his required travel to the United States, but it was procedurally deficient for the reasons stated by the Chinese court. This Court therefore concludes that the "immediate" application for an exception to Mr. Li's travel restriction was not a reasonable effort to comply with this Court's September 26, 2019, order.

Even if the Court were to assume for the purpose of resolving Flexsteel's request for sanctions that it was impossible for Golsun to produce Mr. Li for deposition, Golsun could still reasonably have attempted to comply with this Court's discovery order by designating and producing another corporate representative. Corporate parties routinely operate with the misunderstanding that they must designate the person with the most knowledge about the corporation as its Rule 30(b)(6) representative. That is not correct. *See Kartagener v. Carnival Corp.*, 380 F. Supp. 3d 1290, 1294 (S.D. Fla. 2019) ("A corporate defendant is not required to bring the person most knowledgeable, and the defendant is not excused from

appearing as noticed in order to secure attendance of the best witness.”). While there is no doubt that it would have been advantageous for Golsun to continue to designate Mr. Li, the company’s CEO, as its corporate representative, Golsun could have reasonably designated a new corporate representative—even a person with no past connection to or prior knowledge of Golsun’s business—to appear for the Rule 30(b)(6) deposition so long as that person would have been prepared for the deposition. Mr. Li’s continued unavailability did not indefinitely relieve Golsun of its obligation to produce a corporate representative for deposition in accordance with the September 26, 2019, order. *Lake City Assocs., LLC v. Windsor Arms, LLC*, No. 3:13-cv-782-J-39-JBT, 2014 WL 12609863, at *2 (M.D. Fla. June 19, 2014); *Martinez v. Majestic Farms, Inc.*, No. 05-60833-CIV, 2008 WL 239164, at *3 (S.D. Fla. Jan. 28, 2008).

Golsun, therefore, has failed to prove that its compliance with the Court’s discovery order was impossible and that it made all reasonable efforts to comply.

### C. An appropriate sanction is the exclusion of Mr. Li's testimony as evidence in support of Golsun's renewed motion to dismiss for lack of personal jurisdiction.

Flexsteel suggests the appropriate sanction is to preclude Golsun from relying on Mr. Li's testimony.[5] The Court agrees. First, this is a permissible sanction under Rule 37. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii) (stating the Court may "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"). Second, the Court is not required to (nor will it) find that Golsun's conduct was in bad faith or willful to impose this sanction because the sanction is less severe than a default judgment or dismissal. *BankAtlantic*, 12 F.3d at 1049.

Finally, and most importantly, it is commonplace in discovery disputes for the Court to exclude testimony from a witness—including a corporate representative—who a party fails to make available for deposition. *See* *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 690 (S.D. Fla. 2012) ("The rule provides for a variety of sanctions for a party's failure to comply with its Rule 30(b)(6) obligations, ranging from the imposition of costs to

[5] The only issue presently before the Court is Golsun's renewed motion to dismiss for lack of personal jurisdiction, which relies on a declaration from Mr. Li and testimony from other witnesses regarding their communications with Mr. Li. *See* ECF No. 128 at 13 n.3. It is premature to decide whether any sanction against Golsun will extend into future litigation in this matter should Flexsteel survive dismissal.

preclusion of testimony and even entry of default."); *Card Tech. Corp. v. DataCard Inc.*, 249 F.R.D. 567, 572 (D. Minn. 2008) (precluding a witness from testifying at trial who did not appear for a court-ordered deposition); *see also Steel v. ARI Mut. Ins. Co.*, No. 14-27, 2015 WL 4429258, at *4 (E.D. La. July 20, 2015) (sanctioning a defendant's failure to present a fact witness for a properly noticed deposition). The availability of this sanction insures the integrity of the discovery rules governing the proper and timely disclosure of witnesses.

Golsun stresses some of the distinctions between the facts of this case and the cases cited by Flexsteel in its request for sanctions. ECF No. 134 at 14–20. Although the Court acknowledges the distinctions among each of the cases cited by the parties, there is one case that is instructive: *Nanjing Elble Envtl. Prot. Tech. Co., Ltd. v. Repet, Inc.*, No. ED CV 16-2030-VAP (SPx), 2018 WL 5115577, at *1 (C.D. Cal. Mar. 20, 2018).

In *Nanjing*, a discovery dispute arose when the defendant sought to depose the plaintiff company's CEO, Shuwei Zhao, a Chinese citizen, in Los Angeles. 2018 WL 5115577, at *1. The plaintiff repeatedly informed the defendant that Shuwei was unavailable, despite numerous notices for deposition, due to a travel restriction imposed by the Chinese court similar to the one at issue here. *Id.* at **1–2. Upon defendant's motion, the court

gave plaintiff one last chance to produce Shuwei for a deposition in Los Angeles, but Shuwei did not appear and the plaintiff did not disclose what efforts were made to secure his appearance. *Id.* at *2. Shuwei later claimed to the court that he did everything he could to appear for the deposition, including attempting to satisfy the debt that gave rise to the travel restriction. *Id.* at *3. The defendant moved for dismissal under Rule 37(b) as an appropriate sanction for the plaintiff's noncompliance. *Id.* The court granted the defendant's motion, and the case was dismissed. *Id.* at *6. Among the facts the court considered relevant were: (1) that plaintiff led the defendant to believe for an extended period of time that it would produce Shuwei for deposition in the United States; (2) that plaintiff and Shuwei failed to present evidence that he attempted to satisfy his debt to relieve the travel restrictions in China; and (3) that the parties agreed Shuwei was a necessary witness for the parties' claims and defenses. *Id.* at *4.

Golsun's suggestion that its attempts to produce Mr. Li for deposition are "laudable" in comparison to *Nanjing* is untenable. *See* ECF No. 134 at 17 ("The only relevance of *Nanjing* is as a counterexample showing how laudable in comparison Mr. Li's conduct has been."). As explained above, like the plaintiff in *Nanjing*, Golsun did not disclose the existence of the

travel restriction until late in the discovery dispute. Golsun also had several opportunities to reasonably attempt to comply with the Court's September 26, 2019, order, but it did not do so. Golsun's failure to attempt earnestly to produce Mr. Li—or alternatively produce any adequate corporate representative—for deposition is tantamount to failing to act in the first place.

The Court will not allow Golsun to utilize Mr. Li as a witness by filing his declaration when Flexsteel has not had a fair opportunity for a cross-examination challenging the merits of Mr. Li's assertions. Golsun deprived Flexsteel of "a right traditionally relied upon expansively to test credibility as well as to seek the truth," *Pillsbury Co. v. Conboy*, 459 U.S. 248, 259 (1983), when it failed to make all reasonable efforts to produce Mr. Li for cross-examination in a deposition. The only way to cure this prejudice is to exclude Mr. Li's declaration and any evidence relying on his prior statements or testimony.

**D. Flexsteel is entitled to an award of its reasonable expenses under Rule 37(b)(2)(C).**

Finally, the Court is persuaded that Flexsteel is entitled to reimbursement of the reasonable expenses it incurred in attempting to obtain the depositions of the Golsun witnesses and Mr. Li. Golsun's failure to produce Mr. Li for deposition as a fact witness and corporate

representative in accordance with the Court's jurisdictional discovery plan and the September 26, 2019, order was not substantially justified, and Golsun does not offer any other exception to the mandatory imposition of expenses under Rule 37(b)(2)(C) that the Court has not already rejected above.

## IV. CONCLUSION

Accordingly, upon due consideration, it is **ORDERED**:

1. Flexsteel's request for discovery sanctions against Defendant, ECF No. 128, is **GRANTED**

2. Mr. Li's declaration ECF No. 87-1, and other evidence based on Mr. Li's prior statements is **STRICKEN** and will not be considered in the resolution of Golsun's renewed motion to dismiss.

3. **Within ten (10) days of this order**, Flexsteel must submit an affidavit and other proof establishing the amount and reasonableness of the expenses due to it under Rule 37(b)(2)(C). Golsun shall have **ten (10) days after the submission of Flexsteel's submission** to file a response.

**DONE AND ORDERED** this 26th day of November 2019.

s/Gary R. Jones
GARY R. JONES
United States Magistrate Judge